Lordrick McMICHAEL, Petitioner,

v.

Robert HENDERSON, Superintendent of Auburn Correctional Facility, Respondent.

Nathaniel AUSTIN, Petitioner,

v.

Robert HENDERSON, Superintendent, Auburn Correctional Facility, Respondent.

Nos. 80 Civ. 0475, 80 Civ. 3110.

United States District Court, S. D. New York.

Dec. 12, 1980.

William E. Hellerstein, New York City, for petitioner, Lordrick McMichael by Joseph J. Hester, New York City, of counsel.

Nathaniel Austin, petitioner, pro se.

Robert Abrams, Atty. Gen., State of New York, New York City, for respondent by Tyrone M. Powell, Charlotte C. Lee, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

SOFAER, District Judge:

Petitioners Nathaniel Austin and Lordrick McMichael were indicted along with Richard Johnson by a Bronx County Grand Jury following an incident in which Jonah Harper, an acquaintance of all three men, was killed. The defendants were indicted for Murder in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree. Johnson pleaded guilty to Manslaughter in the First Degree. On May 12, 1977, following a jury trial in New York Supreme Court, Bronx County (Zimmerman, J.), Austin and McMichael were convicted of Manslaughter in the Second Degree. In separate appeals, both convictions were affirmed without opinion by the Appellate Division, and leave to appeal to the Court of Appeals was denied. Austin is currently serving an eight and one-third to twenty-five year sentence and McMichael a seven to twenty-one year sentence. Both are incarcerated at the Auburn Correctional Facility in Auburn, New York.

Austin and McMichael seek writs of habeas corpus pursuant to 28 U.S.C. § 2254. Because the claims of the two petitioners are identical, arising out of a series of events that occurred while they were being jointly tried for the same offense in state court, the petitions will be considered together.

Petitioners claim that their convictions were obtained in violation of their constitutional right to an impartial jury. Specifically, they contend that one juror, Barbara Bishop, was threatened with prosecution for perjury for failing to inform the court, during the voir dire examination, that she knew someone who was a defendant in another pending criminal proceeding.

While many of the facts underlying this petition are in dispute, material submitted to this Court establishes that, while petitioners' trial was still ongoing, Ms. Bishop was informed that she might be called as a witness in the trial of Cortland Lewis which was also taking place in New York Supreme Court, Bronx County (Drohan, J.). While Ms. Bishop was waiting in the courtroom where the Lewis trial was being held, she overheard a conversation among several attorneys who were discussing the question of why she had not informed the court during the voir dire examination in the Austin/McMichael trial that she knew Cortland Lewis. Moreover, a bench conference was held in the *Lewis* case, during which Assistant District Attorney Flack suggested to Justice Drohan that Ms. Bishop be advised of her constitutional rights. Sometime after the bench conference, Lewis' defense attorney, Kenneth Bruce, Esq., told Ms. Bishop that she would not have to testify in that case.

Petitioners allege two additional facts to support their position that Ms. Bishop feared that she was going to be prosecuted for perjury. They claim that the discussion before Justice Drohan was "heated," so that Ms. Bishop overheard the proceeding, and they state that Cortland Lewis told Ms. Bishop something to the effect of "I'm in enough hot water. Don't you get into hot water."

One additional fact is crucial to the background of this petition. After the jury in the trial of McMichael and Austin was impanelled, but before testimony began, Ms. Bishop did inform the court and the defense that she might be called to testify in a pending criminal matter. The defendants then had an opportunity to object to her continuing as a juror, and to inquire further, but they chose to do neither.

Following their convictions, petitioners presented their claims in a motion to set aside the verdict pursuant to New York Crim.Proc.Law § 330.30 (McKinney's). Testimony was given by Justice Drohan, Barbara Bishop, and Kenneth Bruce. The motion was denied by Justice Zimmerman, who ruled that defendants had not satisfied their burden of establishing prejudice. Justice Zimmerman found that Ms. Bishop had informed the court and both counsel that she might be called as a witness in the Lewis case; that defense counsel had not challenged her right to sit as a juror; that Ms. Bishop had not overheard the bench conference; and that she was not concerned or worried by what she did hear while sitting in the courtroom. Justice Zimmerman concluded that "at no time was the juror threatened with perjury in Justice Drohan's courtroom."

■■■ In a federal habeas corpus proceeding, the findings of a state court are presumed to be correct. *LaVallee v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973) (*per curiam*). Petitioners have not established that the state proceedings were infirm for any of the reasons listed in 28 U.S.C. § 2254(d)(1)–(7). Their contention that Justice Zimmerman improperly placed the burden of showing prejudice must be rejected. This is not a case where a juror received private communications concerning a matter before the jury. *Compare Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954). Ms. Bishop's contacts were generally concerned with matters unrelated to the Austin/McMichael trial. To the extent that any communication might have touched on matters involved in that case, the contact was under "the in-

structions and direction of the court made during the trial, with full knowledge of the parties." *Id.* at 229, 74 S.Ct. at 451.

Moreover, Justice Zimmerman's factual determinations are fairly supported by the record. 28 U.S.C. § 2254(d)(8). Justice Drohan testified that the bench conference was not "heated" and that Kenneth Bruce had informed him that he would not call Ms. Bishop because he had decided that her testimony would not be useful. Ms. Bishop recounted the sequence of events in Justice Drohan's courtroom and testified that she had never been threatened with prosecution for perjury and that she had not overheard the discussion at the bench. Only Kenneth Bruce testified that Ms. Bishop had overheard the conference and that she had been threatened with perjury. Petitioners' attempts to find fault with Justice Zimmerman's decision are not lacking in imagination. There is no basis, however, for a finding that his decision was either procedurally invalid or that it is not supported by the record.

Petitioners rely on the recent decision of the Court of Appeals for the Second Circuit in *Phillips v. Smith*, 632 F.2d 1019, No. 80 2099 (2d Cir. 1980), *aff'g* 485 F.Supp. 1365 (S.D.N.Y.1980). In *Phillips*, a writ of habeas corpus was granted to petitioner on the ground that the prosecution had not revealed to the defense attorneys or the court that one of the jurors had applied to the New York State District Attorney's Office for a job as an investigator. District Judge Pierce applied an objective standard in the case, determining that a person in that juror's position would have been "likely to favor the prosecution's position—at least to some extent." 485 F.Supp. at 1372. The Court of Appeals held that it was unnecessary to decide whether the district court had applied the correct legal standard because the failure of the prosecution to disclose its knowledge of the juror's situation denied petitioner's due process rights as defined in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

Substantial differences exist between *Phillips* and this case. Here, defense coun-

sel was aware of the juror's situation well before the jury began its deliberations. Thus defense counsel could have, but failed to, object to Ms. Bishop remaining on the jury. Moreover, while in *Phillips* the prosecution deliberately withheld information that cast doubt on the juror's impartiality, in this case the prosecution behaved in no such manner. Petitioner's implied contention that the prosecution was aware of threats made to Ms. Bishop must be rejected in light of Justice Zimmerman's findings and conclusions on the motion to set aside the verdict. Finally, the danger that the impartiality of the juror in this case was affected is far less great than in *Phillips*; indeed, it is negligible.

The writs of habeas corpus are hereby denied.

So ordered.