**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andre Lee DAVIS, L.G. Catlett, Kenneth Green, Eric Lamont Rogers, Mario Duerson, Defendants–Appellants.**

Nos. 00–5531, 00–5532, 00–5596, 00–5597, 00–5598.

United States Court of Appeals, Sixth Circuit.

Sept. 5, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; and WEBER, District Judge.[*]

[*] The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

## OPINION

PER CURIAM.

Defendants Andre Lee Davis, Eric Lamont Rogers, L.G. Catlett, Mario Duerson, and Kenneth Green appeal from an Order denying their motions for a new trial and reinstating their convictions and sentences on various drug, robbery, and firearm charges. For the reasons that follow, we affirm.

### I.

These defendants previously appealed their convictions to this Court on the ground that the district court had erred in denying their motions for a mistrial, which were based on an instance of alleged juror misconduct during defendants' trial in December of 1996. A panel of this Court vacated the convictions and remanded the cases for an appropriate and thorough hearing pursuant to *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), in order to afford defendants an opportunity to establish actual bias resulting from extraneous juror influence. See *United States v. Davis*, 177 F.3d 552 (6th Cir.1999). The district court conducted the *Remmer* hearing on October 19, 1999, and October 26, 1999. On December 21, 1999, defendants filed motions for a new trial and accompanying briefs. The district court denied defendants' motions and reinstated their convictions and sentences. This appeal followed.

### II.

The Court will briefly restate the pertinent facts set forth in the earlier published decision. After completion of the presentation of evidence at trial, juror Alan Estes

sent a note to the district judge asking to be excused from further service. Estes explained that he lived in defendants' community, Hopkinsville, Kentucky, and operated a business there. Estes asserted that he had previously done business with some of the defendants, witnesses, and their families. Estes stated that he feared for his safety should he be identified as a juror who had participated in a decision leading to defendants' incarceration. He asserted that his fear was prompted by his having heard from one of his employees that members of the community were aware of Estes' jury service and were discussing his role in the proceedings.

The trial judge apparently took no immediate action in response to Estes' note. After the jury instructions were read, but before the jurors were actually charged, Estes requested in open court that he be excused from the jury. The judge then conducted a hearing in chambers outside the presence of the other jurors. Estes and counsel for both sides were present at the hearing. Estes stated during the hearing that he had expressed his fears to the other jurors in the jury room and a number of them had told him that they did not blame him for asking to be excused from further service.

Following the hearing, the district court denied defendants' motions for a mistrial and discharged Estes as an alternate juror without providing any explanation to the jury. Defense counsel apparently did not request a hearing to investigate the scope of the problem, and the trial judge did not conduct one.

At the *Remmer* hearing conducted after remand, counsel questioned Mr. Estes, the twelve jurors who had rendered a verdict at trial, and the sole alternate juror. Following the hearing, the district court issued a memorandum opinion in which it found the jurors' testimony to be reliable and determined there was nothing to show that any of the jurors had been improperly influenced in exercising their duty to reach a just verdict. The district court concluded that justice did not require a new trial because the defendants had not met their burden of establishing that Estes' statements had resulted in actual juror bias which tainted the trial proceedings.

### III.

On appeal, defendants argue that Estes' statements to his fellow jurors resulted in actual jury partiality against defendants in violation of their constitutional rights. Defendants contend that the delay between their trial and the *Remmer* hearing prejudiced their ability to establish actual juror bias. Defendants assert that the alleged prejudice resulting from the delay supports their request for a new trial.

The United States argues that the district court was entitled to rely on the jurors' assurances of impartiality to find that Estes' comments did not cause actual prejudice. The United States contends that a new trial is not warranted based on the passage of time between the trial and the *Remmer* hearing because prejudice is not to be presumed, defendants bear the responsibility for the time lapse because they did not request to examine the jurors before or after the jury returned its verdict, and the jurors' testimony demonstrates that the passage of time did not hamper their memories so as to preclude defendants from demonstrating prejudice.

### IV.

 The Sixth Amendment right to trial by jury "is designed to ensure criminal defendants a fair trial by a 'panel of impartial, "indifferent" jurors.'" *Davis*, 177 F.3d at 556 (citing *United States v. Shackelford*, 777 F.2d 1141, 1145 (6th Cir.1985)(quoting *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961))). Thus, "when possible juror mis-

conduct is brought to the trial judge's attention he has a duty to investigate and to determine whether there may have been a violation of the constitutional guarantee." *Id.* (internal quotation marks and brackets omitted). The appellate court reviews a district judge's decision on juror misconduct for abuse of discretion. *Id.* (citing *United States v. Copeland,* 51 F.3d 611, 613 (6th Cir.1995)).

■ At a *Remmer* hearing, the defendant bears the burden of proving actual juror bias, and no presumption of prejudice arises merely from the fact that improper contact occurred. *Id.* at 557 (citing *United States v. Zelinka,* 862 F.2d 92, 96 (6th Cir.1988)). Juror testimony at a *Remmer* hearing is not inherently suspect. *United States v. Herndon,* 156 F.3d 629, 636 (6th Cir.1998)(citing Zelinka, 862 F.2d at 95–96). If the district court finds juror assurances of continued impartiality to be credible, the court may rely upon those assurances in determining whether a defendant has satisfied his burden of showing actual prejudice. *United States v. Pennell,* 737 F.2d 521, 533 (6th Cir.1984).

### V.

■ At the *Remmer* hearing, Mr. Estes, the twelve jurors who had deliberated, and the sole alternate juror testified as to what they recalled of Estes' comments to his fellow jurors. Estes testified that he could only recall having told the jurors that he wanted to be excused from the jury. Several jurors testified that they had heard Estes say he lived and had a business in Hopkinsville or he recognized or knew members of the audience. Several of the jurors also testified that they had perceived Estes to be afraid, they understood why he was afraid, and they empathized with him. No juror recalled Estes' comments or the reason he had been excused from the jury being discussed during deliberations.

Each juror who testified to having heard Estes' comments denied that those comments affected the juror's deliberations. Some jurors expressed a generalized fear about serving on the jury or about defendants, but they explained that this fear was not related to or affected by Estes' comments and had played no part in their deliberations. Juror Linda Fristoe provided the most extensive testimony in this regard. She remembered that Estes had wanted to be excused from the jury because he lived in Hopkinsville, he had a business there, and he was afraid. Although Fristoe testified that she had harbored some fear of serving on the jury, she did not attribute this fear to Estes' comments. Rather, Fristoe testified that she had feared drug matters and possible retribution from the start of the trial. Fristoe testified that although she had believed defendants could be dangerous and that she may need to fear them, this was a generalized fear which Estes' statements did not affect.

The district court was entitled to find the jurors' testimony, which was consistent in all material respects, to be credible. The district court could conclude from the testimony that Estes' comments had not influenced the jurors' deliberations. The district court therefore did not abuse its discretion in finding that defendants had failed to carry their burden to show actual bias which tainted the proceedings.

### VI.

The record does not support defendants' argument that the passage of time impaired the jurors' memories to such an extent that defendants are unable to show actual bias. While several jurors could not fully recall all aspects of the situation involving Estes, many of the jurors remembered critical details about the incident. Several jurors recalled that Estes' com-

ments and demeanor had not been discussed during deliberations, and no juror contradicted this testimony. Of paramount importance, all jurors who testified that they had heard Estes' statements recalled that the comments did not affect their verdict. There is no basis for rejecting the trial judge's finding that the jurors' testimony on this key point was reliable.

## VII.

Defendants had sufficient opportunity to establish actual bias resulting from extraneous juror influence. The district court did not abuse its discretion in determining that defendants failed to carry their burden. The judgment of the district court is AFFIRMED.