JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Kevin Johnson, appeals his conviction and sentence for rape after a jury of the Cuyahoga County Court of Common Pleas Court found him guilty of this offense. For the reasons that follow, we affirm appellant's conviction but vacate his sentence and remand for resentencing.
 {¶ 2} The record reveals that a two-count indictment was returned against appellant and co-defendant, Alfred Worwell, charging them both with one count each of kidnapping, in violation of R.C. 2905.01, and rape, in violation of R.C. 2907.02. The kidnapping charge contained a sexual motivation specification, in violation of R.C. 29071.01(K).
 {¶ 3} The events giving rise to the indictment began on Friday, February 16, 2001, at which time it was alleged that appellant and Worwell met the victim at a local gas station where the latter agreed to exchange drugs and money for sex. After having consensual sex with both men, the victim, appellant and Worwell smoked some crack cocaine and drank alcohol. Worwell left at some point and returned with another woman. Upon Worwell's return, he and his companion went into Worwell's bedroom and the victim went to sleep on the living room floor. Late the next morning, all four individuals again ingested drugs and consumed alcohol. Worwell's companion left some time during the day and appellant, Worwell and the victim went to a local bar late Saturday evening. The victim testified that she wanted to leave at this point but Worwell denied her request. Apparently Worwell blamed the victim for the absence of his earlier companion and thought the victim owed him and appellant further sexual favors.
 {¶ 4} The victim testified that she returned with appellant and Worwell to the house and was ordered to take off her clothes. When she was not immediately compliant, she testified that Worwell punched and beat her about her head and other parts of her body. Fearing for her life, she eventually complied and, without her consent, engaged in vaginal intercourse with appellant while Worwell watched. According to her testimony, Worwell then discussed his plans for further sexual activities involving the victim. At this point she was able to exit out the back door of the house, unclothed however, and ran into the middle of the street where she was found by a passing motorist who escorted her to the police station.
 {¶ 5} Appellant and Worwell were eventually arrested, charged as previously stated and tried together. Appellant was found not guilty of kidnapping but guilty of rape as charged and sentenced to six years in prison.[1] He is now before this court and assigns three errors for our review.
 I. {¶ 6} In his first assignment of error, appellant contends that the trial court erred when it failed to conduct a voir dire examination of the entire jury regarding their ability to remain fair and impartial following an incident involving a juror that occurred during jury deliberations. In particular, the trial court received the following communication from the jury foreperson while the jury was deliberating:
 {¶ 7} "[Juror Number 2] was observed by Alfred Worwell entering her vehicle on October 2 [at] approximately 5:45 p.m. [Juror Number 2] was walking with [two other jurors]. We would want this noted for the record. This may or may not be of concern."
 {¶ 8} The trial court conducted a voir dire of this juror. The juror stated that she and two other jurors were walking to their vehicles when she noticed Worwell some distance behind them. The record does not support that Worwell attempted to speak to the jurors. Indeed, Juror number 2 stated that the distance was "too far away to make eye contact." While not particularly worried about the incident, the juror felt it necessary to disclose the incident to the entire jury panel before deliberations began for the purpose of determining whether this was the type of incident that required the court to be notified. In particular, she was unsure whether this incident constituted a "contact" with a party, a prohibition the trial court had warned the jury panel against during its instructions.
 {¶ 9} Reiterating her statements to the panel, Juror Number 2 explained her disclosure to the entire jury panel during voir dire:
 {¶ 10} "How do you all feel about it and do you think I should bother to say anything. Is it something I'm legally bound to notify the Court about. You know, it came from a place of ignorance, I suppose. I didn't know what I was supposed to have done."
 {¶ 11} Ordinarily, any private communication or contact either directly or indirectly about a matter before the jury is presumptively prejudicial. Remmer v. United States (1954), 347 U.S. 227, syllabus. The presumption is not conclusive, however. Id. It is incumbent upon the party complaining about juror misconduct to demonstrate that the contact was prejudicial. Smith v. Phillips (1982), 455 U.S. 209, 215-217; see, also,State v. Sheppard (1998), 84 Ohio St.3d 230, 233; State v. Phillips
(1995), 74 Ohio St.3d 72, 88. Absent prejudice, there is no violation of due process. Smith v. Phillips, 455 U.S. at 217.
 {¶ 12} "* * * [D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation. Were that the rule, few trials would be constitutionally acceptable. The safeguards of juror impartiality, such as voir dire and protective instructions from the trial judge, are not infallible; it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote. Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." Id.
 {¶ 13} Consequently, a threshold determination must be made as to whether this incident constitutes a "private communication" or "contact" between the juror and Worwell. We think not. Juror Number 2 simply saw Worwell from a distance and reported this incident to the trial court in accordance with what she believed were instructions given by the trial court judge concerning interactions between a juror and a defendant.
 {¶ 14} Contrary to appellant's assertions that Worwell may have "intimidated" the juror and the remaining jurors as well, there was no evidence to suggest that this juror felt threatened in any way or otherwise feared for her safety so as to detract from her duty to remain fair and impartial. On the contrary, the juror not only indicated that Worwell was at a distance "too far away to make eye contact" but that she did not believe the incident would affect her ability to remain fair and impartial, stating "*** it was rather a trivial matter that just (sic) we thought it was just a matter of noting it." The judge thoroughly examined Juror Number 2 regarding the incident and appropriately concluded that no misconduct had occurred.
 {¶ 15} Appellant's first assignment of error is not well taken and is overruled.
 II. {¶ 16} In his second assignment of error, appellant contends that the trial court erred when it allowed the victim's treating physician to testify about his personal feelings regarding the victim's condition. Succinctly, appellant argues that the testimony of Dr. Levente Gusta Batizy concerning the emotional state of the victim was not only irrelevant but prejudicial and constitutes grounds for reversal.
 {¶ 17} Dr. Batizy testified as follows:
 {¶ 18} "And I have seen a lot of rape victims. She stood out because she was so hysterical and the story of running out naked in the street is not something that normally is part of it. Frankly, you know, even though as professionals we don't act on it, we all are human beings and have feelings that —
 {¶ 19} "* * *
 {¶ 20} "She was crying, she was frightened. And being because I'm a male physician, obviously, there is a certain amount of, you know feeling that you don't want to impart any further discomfort to the patient. When patients are not screaming and yelling you don't, even though you know they have been violated potentially, you don't get nearly as emotionally involved. And this hit a cord. You know, I am a human being."
 {¶ 21} Appellant contends that this portion of the physician's testimony heightened the sympathy that the jury might have for the victim and acted to vouch for her credibility.
 {¶ 22} Only relevant evidence is admissible under Evid.R. 402. Evid.R. 401 defines "relevant evidence" as any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 23} Certainly, the physician's testimony concerning the victim's emotional condition was admissible, but his personal reaction to her condition had no probative value in determining appellant's guilt. Although presented under the guise of showing why the physician remembered the victim, there was no suggestion that the physician's identification of the victim was in dispute. Even if the physician's recollection was in dispute, his comments concerning his emotional response were unnecessary to show his recollection. The physician could have testified, as he did, that he remembered the victim specifically because of her pronounced hysteria.
 {¶ 24} Even though we find that the excerpted portion of the physician's testimony to be irrelevant, its admission by the trial court is harmless error at best. An error is harmless if it did not affect the accused's "substantial rights." Crim.R. 52(A). Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily a trial free of all error. See United States v.Hasting (1983), 461 U.S. 499, 508-509. Before constitutional error can be considered harmless, however, a reviewing court must be able to "declare a belief that it was harmless beyond a reasonable doubt." Chapman v.California (1967), 386 U.S. 18, 24. Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. State v.Lytle (1976), 48 Ohio St.2d 391, paragraph three of the syllabus, vacated on other grounds in (1978), 438 U.S. 910.
 {¶ 25} We do not find that the admission of this testimony contributed to appellant's conviction. The focus of the physician's testimony, as well as that of other witnesses, was on the victim's emotional state. Because "substantial other evidence" supports the jury's verdict, the error does not require reversal. See State v. Webb (1994),70 Ohio St.3d 325, 335; State v. Griffin (2001), 142 Ohio App.3d 65, 79.
 {¶ 26} Appellant's second assignment of error is not well taken and is overruled.
 {¶ 27} III.
 {¶ 28} In his third assignment of error, appellant argues that the trial court erred when it failed to comply with R.C. 2929.11(B) when it sentenced appellant. In particular, he claims that the trial court failed to undergo the necessary analysis in order to insure that his sentence was consistent with those of similar offenders.
 {¶ 29} R.C. 2929.11 addresses the purposes of felony sentencing and it is within subsection (B) of that statute that the mandate for consistency is set forth. It provides, in relevant part:
 {¶ 30} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section,[2] commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimescommitted by similar offenders." (Emphasis added).
 {¶ 31} Because this mandate is directed to the trial court, we have previously determined that it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing. SeeState v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424, at ¶ 30.
 {¶ 32} As in Lyons, we discern no such compliance from the record before us. We, therefore, vacate appellant's sentence and remand for resentencing.
 {¶ 33} "We acknowledge that this mandate is rather amorphous in its direction and gives the trial court little guidance in its implementation. We are hopeful, however, that with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute." Id., at ¶ 33.
 {¶ 34} Appellant's third assignment of error is well taken and is sustained. Appellant's sentence is vacated and the case is remanded for resentencing. On remand, the trial court must insure that any sentence it imposes is consistent with that imposed for similar crimes by similar offenders.
 {¶ 35} We note, additionally, that trial court failed to comply with R.C. 2929.14(B) when it imposed sentence. This section requires the trial court to impose the minimum prison term on an offender if the offender has never before served a prison term unless certain findings are made to support a longer term. Because the record in this case does not support that appellant had previously been in prison, it was incumbent upon the trial court to make the necessary findings or impose the shortest prison term. It failed to do so. The trial court must similarly demonstrate compliance with this statutory provision as well on remand.
 {¶ 36} Appellant's conviction is affirmed. The sentence imposed, however, is vacated and we remand for resentencing.
 {¶ 37} It is ordered that appellee and appellant equally share costs herein taxed.
ANNE L. KILBANE, P.J., concurs, in part, and concurs in judgment only,in part FRANK D. CELEBREZZE, JR., J., concurs, in part, and dissents, inpart.
[1] Worwell was found guilty of both offenses, including the specification, and sentenced to concurrent seven-year terms of imprisonment.
[2] The two overriding purposes are (1) to protect the public from future crime by the offender and others and (2) to punish the offender.