{¶ 38} On this appeal from a conviction and sentencing order entered by Judge Mary J. Boyle, I concur with respect to assignments of error two and three and concur in judgment only with the resolution of assignment one. I agree that, in this case, the juror's contact with one of the defendants and her subsequent discussion of the incident with the other jurors does not warrant relief. However, the majority has made a somewhat confusing and, therefore, possibly misleading statement recognizing the presumption of prejudice in juror contact cases but nonetheless asserting that the defendant must "demonstrate that the contact was prejudicial." The issue here is not whether Johnson was able to show prejudice, but whether the judge's refusal to allow voir dire of all jurors denied him the opportunity to do so.
 {¶ 39} When a juror has contact with a defendant a new trial cannot be ordered until the judge holds a hearing and determines that prejudice has occurred.[3] A hearing is required to show actual prejudice because juror bias will not be implied.[4] Nevertheless, contact between a juror and a party carries a presumption of actual prejudice and, at the hearing, the State bears the burden of rebutting that presumption by showing that the jurors were not affected. The defendant has met his initial burden upon proof of the contact, and the burden is then shifted to the State to show that the contact was not prejudicial. In Remmer v. United States,[5] the Supreme Court stated:
 {¶ 40} "In a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial[.] * * * The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact was harmless to the defendant."[6]
 {¶ 41} The decision in Smith v. Phillips did not alter the burden of proof, but instead reaffirmed Remmer's statement that the presumption of prejudice is not conclusive.[7] The hearing requirement does not place an additional burden on the defendant to show prejudice; it allows the State an opportunity to rebut the presumption that arises from proof of the contact. If the State succeeds in setting forth a prima facie rebuttal, the defendant may then present further evidence of prejudice.[8]
 {¶ 42} After conducting the hearing, the judge must determine whether the juror has been biased, and we will not reverse that determination absent an abuse of discretion.[9] Moreover, a juror's indication of continuing impartiality can be reliable evidence that the contact was harmless.[10] The question here, however, is not the impartiality of the juror who had the contact, but the effect of her disclosure of that contact upon the other jurors.
 {¶ 43} Johnson argued that the disclosure required interviews with all the jurors to determine whether they were affected, but the judge found such interviews unnecessary. She ruled that the testimony of the juror who reported the contact was sufficient to show that none of the jurors were prejudiced. The juror who testified stated that all the jurors considered the incident trivial and its disclosure a procedural necessity, and they did not consider the event substantive or prejudicial. The reported incident, an apparently coincidental encounter in a parking lot, supports the determination, and I agree that there was no abuse of discretion in refusing to interview all the other jurors after the first juror's testimony. The evidence supported her conclusion that all jurors considered the incident trivial and that no further action was warranted. Therefore, I agree that the judge conducted an adequate inquiry and that the presumption of prejudice was sufficiently rebutted.
[3] Smith v. Phillips (1982), 455 U.S. 209, 215, 102 S.Ct. 940,71 L.Ed.2d 78.
[4] Id.
[5] (1954), 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654.
[6] Id. at 229.
[7] Smith, supra.
[8] This burden, however, should not exceed the "reasonable probability" required in postconviction proceedings. Strickland v.Washington (1984), 466 U.S. 668, 694, 104 S.Ct. 2052,80 L.Ed.2d 674.
[9] State v. Phillips, 74 Ohio St.3d 72, 89, 1995-Ohio-171,656 N.E.2d 643.
[10] Id., citing Smith, 455 U.S. at 217 n. 7.