## REMMER *v.* UNITED STATES.

No. 304.   Argued February 1–2, 1954.—Decided March 8, 1954.

*J. Louis Monarch* argued the cause for petitioner. With him on the brief were *Spurgeon Avakian, John R. Golden* and *Leslie C. Gillen.*

*Philip Elman* argued the cause for the United States. With him on the brief were *Acting Solicitor General Stern, Assistant Attorney General Holland, Ellis N. Slack* and *Joseph M. Howard.*

228

MR. JUSTICE MINTON delivered the opinion of the Court.

The petitioner was convicted by a jury on several counts charging willful evasion of the payment of federal income taxes. A matter admitted by the Government to have been handled by the trial court in a manner that may have been prejudicial to the petitioner, and therefore confessed as error, is presented at the threshold and must be disposed of first.

After the jury had returned its verdict, the petitioner learned for the first time that during the trial a person unnamed had communicated with a certain juror, who afterwards became the jury foreman, and remarked to him that he could profit by bringing in a verdict favorable to the petitioner. The juror reported the incident to the judge, who informed the prosecuting attorneys and advised with them. As a result, the Federal Bureau of Investigation was requested to make an investigation and report, which was accordingly done. The F. B. I. report was considered by the judge and prosecutors alone, and they apparently concluded that the statement to the juror was made in jest, and nothing further was done or said about the matter. Neither the judge nor the prosecutors informed the petitioner of the incident, and he and his counsel first learned of the matter by reading of it in the newspapers after the verdict.

The above-stated facts were alleged in a motion for a new trial, together with an allegation that the petitioner was substantially prejudiced, thereby depriving him of a fair trial, and a request for a hearing to determine the circumstances surrounding the incident and its effect on the jury.* A supporting affidavit of the petitioner's

---

*The motion for a new trial was also grounded on many other contentions, several of which have also been presented to this Court. Because of our disposition of the case on the issue treated herein, we do not pass upon these additional questions.

attorneys recited the alleged occurrences and stated that if they had known of the incident they would have moved for a mistrial and requested that the juror in question be replaced by an alternate juror. Two newspaper articles reporting the incident were attached to the affidavit. The Government did not file answering affidavits. The District Court, without holding the requested hearing, denied the motion for a new trial. The Court of Appeals held that the District Court had not abused its discretion, since the petitioner had shown no prejudice to him. 205 F. 2d 277, 291. The case is here on writ of certiorari. 346 U. S. 884.

In a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant. *Mattox* v. *United States,* 146 U. S. 140, 148–150; *Wheaton* v. *United States,* 133 F. 2d 522, 527.

We do not know from this record, nor does the petitioner know, what actually transpired, or whether the incidents that may have occurred were harmful or harmless. The sending of an F. B. I. agent in the midst of a trial to investigate a juror as to his conduct is bound to impress the juror and is very apt to do so unduly. A juror must feel free to exercise his functions without the F. B. I. or anyone else looking over his shoulder. The integrity of jury proceedings must not be jeopardized by unauthorized invasions. The trial court should not decide and take final action *ex parte* on information such

as was received in this case, but should determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate.

We therefore vacate the judgment of the Court of Appeals and remand the case to the District Court with directions to hold a hearing to determine whether the incident complained of was harmful to the petitioner, and if after hearing it is found to have been harmful, to grant a new trial.

*Judgment vacated.*

THE CHIEF JUSTICE took no part in the consideration or decision of this case.