101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Joseph RAINIER, Defendant-Appellant.
 Nos. 95-1577, 96-1312.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 Appearing for Appellant:John J. Kerrigan, Jr., Stuckert & Yates, Newtown, Pa.
 Appearing for Appellee:Maria A. Barton, Ass't U.S. Att'y, SDNY, N.Y., N.Y.
 Before KEARSE, WINTER and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgments of said District Court be and they hereby are affirmed.
 
 
 3
 Defendant Joseph Rainier appeals from judgments entered in the United States District Court for the Southern District of New York following jury trials before John S. Martin, Jr., Judge, convicting him on a total of three counts relating to his falsely conveying the impression that he was an employee or representative of the United States, in violation of 18 U.S.C. §§ 712, 912, and 913. On appeal, Rainier contends principally (1) that he was denied due process at his first trial because the district court gave the jury a supplemental instruction that constituted a constructive amendment of counts one and two of the original indictment; (2) that the second trial was barred by principles of double jeopardy; and (3) that his Sixth Amendment right to a fair trial was violated in his second trial because materials created by the first jury remained in the jury room and were seen by the second jury. We see no basis for reversal.
 
 
 4
 Rainier's contention that there was an impermissible amendment of the indictment with respect to counts one and two of the indictment provides no basis for reversal. Assuming arguendo that the court's instruction constituted such an amendment, the error was harmless. The jury was unable to reach a verdict on those counts, and a mistrial was declared. Rainier was thereafter retried on a superseding indictment that did not contain the language that Rainier complains was effectively eliminated in the court's supplemental instruction on the first indictment.
 
 
 5
 Rainier's contention that the second trial violated his right to be free from double jeopardy is without merit. Under the applicable test, see Blockburger v. United States, 284 U.S. 299, 304 (1932); Witte v. United States, 115 S.Ct. 2199, 2204 (1995), counts one and two were not duplicative of the count on which Rainier was convicted at the first trial. Further, whether or not the evidence at a first trial was sufficient, if the result was a hung jury the granting of a new trial after the consequent declaration of a mistrial does not violate the Double Jeopardy Clause. See, e.g., Richardson v. United States, 468 U.S. 317, 323-26 (1984).
 
 
 6
 Finally, Rainier's contention that he was denied a fair trial by reason of the charts improperly left in the jury room provides no basis for reversal. While "extra-record information that becomes known to the jury is 'presumptively prejudicial,' " Bibbins v. Dalsheim, 21 F.3d 13, 16 (2d Cir.) (quoting Remner v. United States, 347 U.S. 227, 229 (1954)), cert. denied, 115 S.Ct. 261 (1994), exposure to such information does not automatically require a mistrial or a new trial. Rather, the court must consider the nature of the extra-record information, compare it to the evidence properly before the jurors, and assess the possibility of prejudice by determining the likely effect of the extra-record information on a typical juror. See, e.g., Bibbins v. Dalsheim, 21 F.3d at 17; United States v. Weiss, 752 F.2d 777, 783 (2d Cir.), cert. denied, 474 U.S. 944 (1985); United States ex rel. Owen v. McMann, 435 F.2d 813, 818 (2d Cir.1970), cert. denied, 402 U.S. 906 (1971). The trial court has wide discretion in determining how to pursue an inquiry into the effects of extra-record information on a jury, see, e.g., United States v. Chang An-Lo, 851 F.2d 547, 558 (2d Cir.), cert. denied, 488 U.S. 966 (1988), and we will not overturn the court's assessment that the error was harmless unless we find an abuse of discretion, see, e.g., United States v. Weiss, 752 F.2d at 783.
 
 
 7
 In the present case, the trial court received a note from the jury stating: "In the jury room there are four poster charts, and one of the posters was visible to all the jury members. The jurors recognized names that are familiar to the case. At that point, we turned over the poster so as not to see the chart. Does the Court want to remove these poster charts? Please advise." After the court and counsel for both sides viewed the charts, the court stated that it would ask the jurors whether they felt they had been affected in any way, and if they did not, it would allow them to proceed. The note indicated that only one of the charts had been visible; it did not indicate which of the four was seen or how much of the visible chart was read by the jurors. Counsel for Rainier did not request that either of these questions be put to the jurors. The court proceeded to inquire whether any juror felt there was anything on the charts that would influence him or her in any way in deciding the case. The jurors shook their heads in the negative. Counsel did not request any further substantive inquiry, or ask that the jurors be polled individually, or move for a mistrial. Given the jurors' negative responses, which were consistent with the indication in the note itself that upon recognizing familiar names the jury had promptly made an effort not to be influenced ("we turned over the poster so as not to see the chart"), the trial court permissibly concluded that there was no possibility of prejudice resulting from the presence of the charts. In the absence of any requests by counsel, we see no abuse of discretion in the procedure adopted by the district court, and we see no error in the court's conclusion that there was no prejudice.
 
 
 8
 We have considered all of Rainier's contentions on this appeal and have found in them no basis for reversal. The judgments of conviction are affirmed.