UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-4606

ANTHONY HAYNESWORTH, a/k/a Yuk,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-99-286-DWS)

Submitted: June 27, 2000

Decided: July 21, 2000

Before WILKINS and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Garryl L. Deas, WEEKS, DEAS & HADSTATE, L.L.C., Sumter,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Jane B. Taylor, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Haynesworth was convicted for conspiracy to possess with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and 21 U.S.C.A. § 846 (West 1999). He was sentenced to 375 months imprisonment, to be followed by five years of supervised release.

On appeal, Haynesworth raises four issues. First, he asserts that the district court erred in allowing the jurors to use a transcript as they listened to an audiotaped drug transaction. We review for abuse of discretion the district court's decision to allow the jury to use a transcript during the presentation of recorded evidence, United States v. Collazo, 732 F.2d 1200, 1203-04 (4th Cir. 1984), and find no such abuse in this case.

Next, Haynesworth claims that the district court erred in enhancing his sentence after finding him a leader or organizer in the offense, pursuant to U.S. Sentencing Guidelines § 3B1.1(a) (1998). We review the district court's assessment of a defendant's role in the offense for clear error. Here, there was adequate evidence that Haynesworth acted as a leader of at least one other person, and that the criminal activity involved five or more participants. See U.S.S.G. § 3B1.1, comment. (n.2).

Haynesworth seeks to assert on appeal that his trial counsel was constitutionally ineffective. A claim of ineffective assistance of counsel must be raised in the district court in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000), unless the record on direct appeal conclusively establishes ineffective assistance. United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). The record in this case does not satisfy that standard. Therefore, the claim should be raised under § 2255, where the necessary factual record can be established.

2

Finally, Haynesworth argues that the district court erred in failing to excuse a juror whose husband had some contact with members of Haynesworth's family during the trial. A claim of private contact, communication or tampering with a juror creates a presumption of prejudice. <u>Remmer v. United States</u>, 347 U.S. 227, 229 (1954). A defendant must support a claim of extrajudicial juror contact by competent evidence, and show that the contact was more than innocuous. <u>Howard v. Moore</u>, 131 F.3d 399, 422 (4th Cir. 1997). Haynesworth fails to support his burden, as he made no showing of extrajudicial <u>juror</u> contact. The district court acted properly when the situation came to its attention, and we find no error here.

We therefore affirm Haynesworth's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3