UNITED STATES of America,
Plaintiff,

v.

Marlenhuff VON BRIGGS, Defendant.

No. 99–30053.

United States District Court,
S.D. Illinois,
East St. Louis Division.

Aug. 28, 2000.

Suzanne M. Garrison, Fairview Heights, IL, Patty Merkamp Stemler, Washington, DC, for plaintiff.

Daniel G. Cronin, E.St. Louis, IL, Rodney D. Irvin, Vandalia, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Whatever disagreement there may be as to the scope of the phrase "due process of law," there can be no doubt that it embraces the fundamental conception of a fair trial, with opportunity to be heard. *Frank v. Mangum*, 237 U.S. 309, 347, 35 S.Ct. 582, 59 L.Ed. 969 (1915)(Holmes, J., dissenting).

## I. BACKGROUND

On September 10, 1999, a jury found Marlenhuff Von Briggs guilty of Count I of the indictment which charged him with conspiracy to distribute and to possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 846 and also found him guilty of Count II of the indictment which charged him with possessing one or more firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The jury acquitted Von Briggs, however, of Count III of the indictment which charged him with distribution of cocaine on April 15, 1999, in violation of 21 U.S.C. § 841(a)(1) and acquitted him of Count IV of the indictment which charged him with possessing a firearm in relation to the drug offense charged in Count III of the indictment.

Prior to the sentencing hearing, Von Briggs' counsel received notification from Chief United States District Judge J. Phil Gilbert that United States District Judge Paul E. Riley may have had *ex parte* communications with the jury during its deliberations in Von Briggs' case.[1] After an investigation, Von Briggs filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.[2] Therein, Von Briggs argues that, because he was unaware of the *ex parte* communications until after the jury had reached its verdicts, Judge Riley's *ex parte* communications with the jury constitute newly discovered evidence entitling him to a new trial. Von Briggs cites to three instances in which Judge Riley had *ex parte* communications with the jury which he believes entitles him to a new trial pursuant to Rule 33.

On the *first* occasion, Judge Riley informed Von Briggs and counsel that they would be excused from the courtroom while the jurors viewed the drugs and the firearms marked as exhibits in the case but that he would remain to ensure that no one ingested any of the narcotics and that no one was shot with one of the firearms. According to her affidavit, Sheila Hunsicker also remained in the courtroom while the jury viewed the evidence.[3] Hunsicker testified that while the jury was viewing the exhibits, she observed Judge Riley inform one of the jurors that certain markings on a gun clip (which had been admitted into evidence) were not very important or did not really matter. In addition, Hunsicker testified that she noticed Judge Riley interacting with the jurors as they viewed the evidence and observed him

---

1. Judge Riley presided over Von Briggs' trial. Judge Riley is no longer an active district judge due to a medical disability which renders him unable to efficiently discharge the duties of his office.

2. Chief Judge Gilbert assigned the above-captioned case to this Court-along with six other criminal cases in which Judge Riley allegedly had *ex parte* communications with the juries-after all of the district judges in the United States District Court for the Southern District of Illinois recused themselves.

3. Hunsicker was Judge Riley's permanent law clerk and was the law clerk assigned to Von Briggs' case.

making facial expressions which she believed revealed his anti-prosecutorial sentiments.

The *second* occasion occurred during the jury's first day of deliberations. During its deliberations, the jury sent out a note asking to view a video tape and asking whether they should stay late or return the next day if they were unable to reach a verdict. After conferring with counsel, Judge Riley entered the jury room, without a court reporter, and personally delivered his written response to the jury. Judge Riley's written response to the jury's question was as follows: "It can work either way. But try to finish as quick as is possible."

The *third* occasion occurred during the second day of jury deliberations. After receiving a note from the jury which indicated that it could not reach a unanimous verdict, Judge Riley suggested to counsel and to Von Briggs that he "go back to the jury, and ask them to please continue deliberating . . . ." Thereafter, Judge Riley entered the jury room with the court reporter and a court security officer and reread Seventh Circuit pattern instruction 7.06 to the jury.

Von Briggs argues that these three instances of *ex parte* communications between Judge Riley and the jury deprived him of his Sixth Amendment right to a fair trial and of his right pursuant to Federal Rule of Criminal Procedure 43(a) to be present at every stage of his trial. Furthermore, Von Briggs contends that the Government cannot overcome its burden of showing that Judge Riley's improper contacts with the jury were harmless.

## II. APPLICABLE LAW

Federal Rule of Criminal Procedure 33 provides that "the court on motion of a defendant may grant a new trial to that defendant if required in the interests of justice." *Id.* "Probably the most frequent basis for a Rule 33 motion-and the only one specifically mentioned in the rule-is one 'based on the ground of newly discov-

ered evidence.'" *United States v. Woolfolk,* 197 F.3d 900, 905 (7th Cir.1999), quoting *United States v. Kamel,* 965 F.2d 484, 490 (7th Cir.1992). The United States Court of Appeals for the Seventh Circuit has explained:

> To receive a new trial based on newly discovered evidence, the defendant must demonstrate that the evidence (1) came to their knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial.

*Woolfolk,* 197 F.3d at 905.

■ However, when the basis for a new trial is newly discovered evidence that the trial judge has had improper contact with a juror or jurors, the test is somewhat different because "[a]ny *ex parte* meeting or communication between the judge and the foreman of a deliberating jury is pregnant with possibilities of error." *United States v. United States Gypsum Co.,* 438 U.S. 422, 460, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). As the United States Supreme Court has opined:

> In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.

*Remmer v. United States,* 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954), citing *Mattox v. United States,* 146 U.S. 140, 150, 13 S.Ct. 50, 36 L.Ed. 917 (1892). Moreover, the Seventh Circuit has stated that "the unusual practice of a judge enter-

ing the jury room to speak privately with jurors is almost certain to run afoul of a defendant's right to be present during trial proceedings."[4] *United States v. Smith*, 31 F.3d 469, 471 (7th Cir.1994).

 Before the Government is put to its burden of showing that an improper contact by an outsider with the jury is harmless, however, a defendant must first establish that an *ex parte* communication occurred. *See Owen v. Duckworth*, 727 F.2d 643, 646 (7th Cir.1984)(holding that the defendant bears the burden of proving outside contact with the jury); *see also United States v. Wilson*, 715 F.2d 1164, 1172 (7th Cir.1983)(holding that while "private communications between jurors and others are presumptively prejudicial[,][t]here can be no prejudice ... in the absence of any such communication."); *see also United States v. Heater*, 63 F.3d 311, 321 (4th Cir.1995)(holding that the defendant bears the initial burden of demonstrating that the improper juror contact occurred, and only if the contact is established must the Government demonstrate absence of prejudice). The moving defendant must meet this burden by a preponderance of the evidence. *United States v. Caro–Quintero*, 769 F.Supp. 1564, 1580 (C.D.Cal.1991); *see also United States v. Tarpley*, 945 F.2d 806, 811 (5th Cir.1991)(holding that the defendant must show that "improper communication of extrinsic information had likely occurred."); *see also United States v. Cousins*, 842 F.2d 1245, 1247 (11th Cir.1988)(holding that a defendant must make a "colorable showing" that an *ex parte* communication occurred).

 Furthermore, "[a] determination of jury prejudice is complicated in the federal courts by the proscription against questioning jurors directly about the effect of the outside contact on their deliberations." *Owen*, 727 F.2d at 646. Federal Rule of Evidence 606(b) provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

*Id.* Thus,

[r]ather than question the jurors directly, a district court must make findings of fact at two separate levels. First, the district court must find the basic, or subsidiary, facts—*e.g.*, the nature, content, and extent of the extra-judicial contact. Based on its findings of subsidiary facts, the district court must then make the ultimate factual determination: whether the contact likely affected the juror's impartiality.

*Owen*, 727 F.2d at 646.

### III. ANALYSIS

In the instant case, the Government concedes that Von Briggs has met his burden of establishing that *ex parte* communications occurred between Judge Riley and the jury and that it cannot meet its burden of showing that the improper contacts were harmless. In fact, the Government has cited to another instance in which Judge Riley had an *ex parte* communication with the jury which was not relied upon by Von Briggs in his amended mo-

---

4. A defendant's right under Federal Rule of Criminal Procedure 43(a) to be present at every stage of his trial is "more far-reaching than the right of presence protected by the Constitution." *United States v. Brown*, 571 F.2d 980, 986 (6th Cir.1978).

tion for a new trial. Near the end of the jury's first day of deliberations, Judge Riley informed counsel that he intended to speak with the jurors to determine whether they were close to a verdict and, if not, ·to inform them that they should reconvene the next day to continue their deliberations. Thereafter, Judge Riley entered the jury room, and when he returned, he informed counsel that the jury had left the building for the evening. Based upon this *ex parte* communication and the ones cited to by Von Briggs, the Government has admitted that Von Briggs should receive a new trial.

■ The Court agrees with the parties that Von Briggs is entitled to a new trial on the two Counts of the indictment upon which he was convicted. Based upon Hunsicker's and other court personnel's affidavits, it is clear that Judge Riley engaged in *ex parte* communications with the jury in this case. The Court is particularly troubled by Judge Riley's comments to the jury when it viewed the narcotics and firearms exhibits outside of the presence of counsel and Von Briggs. *See United States v. Neff*, 10 F.3d 1321, 1326–27 (7th Cir.1993)(holding that a reversal was required where the judge answered the jury's question with facts not in evidence). Accordingly, the Court finds that a presumption of prejudice attached to the four improper communications discussed *supra* and that the Government cannot establish that these contacts were harmless. *Remmer*, 347 U.S. at 229, 74 S.Ct. 450.

■ The Government's burden of overcoming the presumption of prejudice is a "heavy" one. *Id.; Schaff v. Snyder*, 190 F.3d 513, 533–34 (7th Cir.1999). The Government must demonstrate "that there exists no 'reasonable possibility that the jury's verdict was influenced by an improper communication.'" *United States v. Cheek*, 94 F.3d 136, 141 (4th Cir.1996), quoting *Stephens v. South Atl. Canners, Inc.*, 848 F.2d 484, 488–89 (4th Cir.1988); *see United States v. Carter*, 973 F.2d 1509, 1515 (10th Cir.1992), quoting *United States*

*v. de Hernandez*, 745 F.2d 1305, 1310 (10th Cir.1984)(holding that in order "[t]o avoid a new trial under the plain error analysis, the record must completely 'negative[ ] any reasonable possibility of prejudice arising from such error.'"). The Government has admitted that it cannot make such a showing, and therefore, the Court believes that Judge Riley's *ex parte* communications with the jury likely affected the jury's impartiality. *Owen*, 727 F.2d at 646; *see United States v. Touloumis*, 771 F.2d 235, 242 (7th Cir.1985)(disapproving "of a trial judge's procedure in entering a jury room, despite agreement by both counsel and the presence of a court reporter, to give a supplemental instruction after the jury had already begun its deliberations.").

A criminal defendant has a right to a fair trial, U.S. Const. amend. VI, and a right to be present at every stage of the trial. Fed. R.Crim. Pro. 43(a); *see United States v. Coffman*, 94 F.3d 330, 335–36 (7th Cir.1996)(holding that "[t]he defendant is entitled to be present at all stages of his trial, ... and a judge's response to a note from the jury is one of those stages."); *see also United States v. Pressley*, 100 F.3d 57, 59–60 (7th Cir.1996)(holding that Rule 43(a)entitles a defendant to be present at all stages of his trial and that "[c]ommunication between the judge and the jury, or a single juror, is one of those stages."). Judge Riley's *ex parte* communications with the jury deprived Von Briggs of both of these rights, and therefore, he is entitled to a new trial.

*Ergo*, Defendant's Amended Motion for a New Trial is ALLOWED.