Isidro Samuel REYES, Petitioner—
Appellant,

v.

W.H. SEIFERT, Warden; et al.,
Respondents—Appellees.

No. 04–55068.
D.C. No. CV–01–08666–PA.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2005.*

Decided Feb. 28, 2005.

Terrence A. Roden, Esq., Los Angeles,
CA, for Petitioner–Appellant.

Jaime L. Fuster, Esq., AGCA—Office of
the California Attorney General, Los An-
geles, CA, for Respondents–Appellees.

Before REINHARDT, CLIFTON,
Circuit Judges and WEINER,** District
Judge.

REINHARDT, Circuit Judge,
dissenting.

MEMORANDUM ***

Petitioner Isidro Samuel Reyes appeals
the district court's denial of his habeas
corpus petition under 28 U.S.C. § 2254.
We affirm.

Petitioner's habeas claim is governed by
the Anti–Terrorism and Effective Death
Penalty Act. *Rios v. Rocha,* 299 F.3d 796,
799 n. 4 (9th Cir.2002). Under AEDPA, a
habeas petition cannot be granted unless
the state court decision was: (1) "contrary
to, or involved an unreasonable application
of, clearly established Federal law, as de-
termined by the Supreme Court of the
United States," or was (2) "based on an
unreasonable determination of the facts in
light of the evidence presented in the State

---

* This panel unanimously finds this case suit-
 able for decision without oral argument. See
 Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior
 District Judge for the Eastern District of
 Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publi-
 cation and may not be cited to or by the
 courts of this circuit except as provided by
 Ninth Circuit Rule 36–3.

court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The California Court of Appeal did not unreasonably apply Supreme Court case law when it concluded that Juror F's testimony that he based his decision to vote guilty on the result of a coin flip did not entitle Petitioner to a new trial. No Supreme Court authority holds that a defendant has a constitutional right to a new trial when an individual juror bases his decision to vote guilty on an irrational method, such as a coin toss. Instead, Supreme Court case law suggests the opposite result. *See Tanner v. United States,* 483 U.S. 107, 120, 127, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (holding that the Sixth Amendment did not require the trial court to hold an evidentiary hearing concerning allegations that the jurors were intoxicated during trial); *McDonald v. Pless,* 238 U.S. 264, 267–69, 35 S.Ct. 783, 59 L.Ed. 1300 (1915) (concluding that jurors in federal courts cannot impeach their verdict by providing evidence that the verdict was a quotient verdict); *Hyde v. United States,* 225 U.S. 347, 381–84, 32 S.Ct. 793, 56 L.Ed. 1114 (1912) (affirming determination that evidence from jurors that a verdict was the result of a bargain was inadmissible).

We decline to consider the uncertified issues raised by Petitioner in his Opening Brief or to expand the Certificate of Appealability beyond what was allowed by the motions panel of this court. *See* 9th Cir. R. 22–1(e).

AFFIRMED.

REINHARDT, Circuit Judge.

It is clearly established Supreme Court law and a basic tenet of our criminal justice system that due process requires "a jury capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). Because verdicts based on chance deprive defendants of their right to due process, the practice of reaching a verdict in that manner has been universally condemned. *See, e.g., McDonald v. Pless,* 238 U.S. 264, 267, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); *United States v. Marques,* 600 F.2d 742, 746 (9th Cir.1979) ("Whereas a verdict by lot is, by definition, a chance result with no logical foundation in the evidence .... [it] does violence to the basic principle of proving guilt beyond a reasonable doubt."); *Lessee of Cluggage v. Swan,* 4 Binn. 150, 153 (Pa.1811) (Yeates, J.) ("Independently of all authorities on the subject, it is manifest, that the finding of a jury should be the result of their impartial and unprejudiced judgments, *according to their [sic] evidence.* The decision of a contested case by lot or chance must be reprobated by every honest man; and it is obvious that every suitor or has an undoubted right to have his controversy terminated by a different measure of justice."). If a defendant can prove by admissible evidence that the verdict in his case was based on chance and therefore that "the jury adopted an arbitrary and unjust method in arriving at their verdict," then "the defendant ought to have [ ] relief ... in a proceeding to set aside the verdict." *McDonald,* 238 U.S. at 267, 35 S.Ct. 783. A defendant is entitled to such relief whether a taint implicates the entire jury or whether only one juror commits the unconstitutional act. *See Remmer v. United States,* 347 U.S. 227, 228–29, 74 S.Ct. 450, 98 L.Ed. 654 (1954) (holding that an improper communication to a single juror presumptively deprives a defendant of a fair trial); *Crawford v. United States,* 212 U.S. 183, 197, 29 S.Ct. 260, 53 L.Ed. 465 (1909) (holding that failure to remove a single juror for potential bias constituted reversible error because "the juror ought not be permitted to occu-

py a position on that nature to the possible injury of a defendant on trial"); *Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir.1998) (en banc) ("The bias or prejudice of even a single juror would violate Dyer's right to a fair trial.").

Our law that chance verdicts violate due process remains "clearly established" even though these claims are cognizable infrequently. Both the federal government and most of the states have enacted evidentiary rules that prohibit jurors from providing evidence about the jury's deliberations. The Supreme Court has upheld those evidentiary rules as a reasonable compromise between litigants' due process rights and the importance of protecting the secrecy of the jury's deliberations. *See Tanner v. United States*, 483 U.S. 107, 121, 127, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (holding that Federal Rule of Evidence 606(b) did not allow jurors to testify as to their fellow jurors' intoxication and this evidentiary rule did not violate the Sixth Amendment); *id.* at 120, 127, 107 S.Ct. 2739 (noting that non-juror evidence of "extrinsic influence or relationships that have tainted the deliberations" is still admissible under federal law and giving examples). Therefore, in federal cases and in most state cases, only evidence from *non-jurors* is admissible to support a due process claim regarding a chance verdict, and rarely does such evidence exist.[1]

California, however, has decided to strike a different balance between jury secrecy and due process rights and allows jurors to testify about matters "within or without of the jury room, of such a character as is likely to have influenced the verdict improperly." Cal. Evid.Code § 1150 (2004). Therefore, unlike most chance verdict cases, in this case there is admissible evidence to prove the claim. Juror F. admitted that he decided the case according to two flips of a coin and that he therefore did not decide the case solely on the evidence. Because Reyes supported his federal claim with admissible and uncontroverted evidence, he should have received relief.

In sum, California's rule of evidence concerning juror testimony allowed Reyes a practical means of proving his claim that a juror arrived at his guilty verdict by lot or chance. Having done so entitled him to prevail on his due process claim. The right to a verdict based on the evidence and not a coin flip is clearly established in law, though hardly ever vindicated in practice. It should have been vindicated here.

---

**1.** The majority states that the Supreme Court's holding that evidentiary rules preventing jurors from testifying to their internal deliberations "suggests" that there is no right to a jury verdict not determined by a toss of a coin. This is not the case. Just as the rule against hearsay may prevent the admissibility of key evidence in a First Amendment case, here the court has simply upheld a traditional rule of evidence which is unrelated to the merits of the underlying claim. *Tanner*, 483 U.S. at 120, 107 S.Ct. 2739 (noting that, in the absence of Federal Rule of Evidence

606(b), "[t]here is little doubt that postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior"); *McDonald*, 238 U.S. at 265, 267, 35 S.Ct. 783 (deciding whether the federal courts should use the common law evidentiary rule excluding juror testimony of internal deliberations and adopting "the lesser of two evils"); *Hyde v. United States*, 225 U.S. 347, 384, 32 S.Ct. 793, 56 L.Ed. 1114 (1912) (noting support of common law rule).