[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16469
Non-Argument Calendar

_____

D.C. Docket  No. 02-00162-CV-1-MMP

JAMES H. MARTIN,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 19, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Florida prisoner James H. Martin ("Martin"), proceeding pro se, appeals the

dismissal of his 22 U.S.C. § 2254 habeas corpus petition challenging his 1996

conviction for first degree felony murder.  No reversible error has been shown; we affirm.[1]

This appeal concerns two events at Martin's trial for which Martin now claims reversible error.  The first occurred when Martin's counsel read from the transcript of a co-defendant's plea colloquy to support the defense theory that the co-defendant was the actual trigger man.  Immediately after Martin's counsel read the factual stipulations to the co-defendant's guilty plea, the prosecution arose and read a victim impact statement ("VIS") from the same transcript.  Martin's counsel did not immediately object. The next morning, Martin's counsel made a motion -- which the court granted -- to have the VIS redacted from the trial transcript and to give the jurors a curative instruction.  Never was the VIS again mentioned at trial.

The second event occurred during a lunch break when "someone came across the street and said something" directed at the jurors.  After learning of this event from a bailiff, the court inquired of the jurors collectively and asked if anyone had heard the person's remark.  Four of the jurors raised their hands.

---

[1]As an initial matter, the certificate of appealability ("COA") issued by the district court was vague as to the specific issues raised for appellate review.  The district court should have made a more definite statement.  Nonetheless, we have the option to address issues we deem worthy of a COA.  See Putnam v. Head, 268 F.3d 1223, 1227-28 (11th Cir. 2001); see also Moore v. Campbell, 344 F.3d 1313, 1315 n.1 (11th Cir. 2003); Peoples v. Haley, 227 F.3d 1342, 1347 n.5 (11th Cir. 2000).  Because the few issues raised by Martin's appeal are limited in scope and are the only issues briefed by the parties, we address these issues without remanding for clarification.

Upon further questioning, all four of these jurors responded that they did not know the person, that the remark would not influence their decision in the case, and that they could disregard the remark. Martin's counsel informed the court of his satisfaction with the questioning and the trial proceeded.

On appeal, Martin argues his trial counsel was ineffective (1) for introducing a co-defendant's plea coloquy without first seeking suppression of the VIS contained therein, and failing to object immediately to the prosecution's reading of the VIS; and (2) for failing to ask the district court for an individualized voir dire of the jurors after the lunch-break incident. He also argues that the government did not overcome the presumption of prejudice that attaches when a jury is exposed to extrinsic information.

We review de novo a district court's denial of habeas corpus under 28 U.S.C. § 2254. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Federal habeas relief cannot be granted for claims adjudicated in state court unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The habeas petitioner has "the burden of rebutting the

3

presumption of correctness [of a state court's factual findings] by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  We do not disturb a district court's findings of fact unless they are clearly erroneous.  Cunningham v. Zant, 928 F.2d 1006, 1011 (11th Cir. 1991).  Questions of law as well as mixed questions of law and fact are reviewed de novo.  Jacobs v. Singletary, 952 F.2d 1282, 1287-88 (11th Cir. 1992).

To prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc) (citations and quotations omitted).  Petitioner must show "that no competent counsel would have taken the action that his counsel did take."  Marquard v. Sec'y for Dep't of Corrections, 429 F.3d 1278, 1304 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1315).

First, failure of Martin's counsel to suppress or immediately object to the prosecution's reading of the VIS did not rise to the level of deficient performance. The Constitution "erects no per se bar" against victim impact statements.  Payne v. Tennessee, 111 S.Ct. 2597, 2609 (1991); see also Sims, 155 F.3d at 1317 (11th

4

Cir. 1998). Both the state courts and the district court found that Martin's counsel introduced the transcript to bolster the defense's claim that the co-defendant was the victim's killer and that counsel did so with the good faith belief that the VIS would be considered irrelevant and inadmissible. Martin's counsel later testified that he felt "blind-sided" by the prosecution's reading of the statement. When the trial reconvened the next morning, Martin's counsel immediately made a motion to redact the VIS portion of the plea coloquy, strike the prosecutor's arguments, and give a curative instruction -- all of which the court ordered. Martin's counsel did not act unreasonably in this regard.

Even assuming the performance of Martin's counsel was deficient, Martin did not demonstrate that absent the reading of the VIS, the outcome of his trial would have been different. The victim impact statement was short and used generic language, barely describing the offense or the victim. Martin has failed to establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

Second, Martin's counsel was not ineffective for failing to voir dire individually four jurors who heard an outside statement during a lunch break. Martin's counsel acted reasonably when he accepted the court's inquiry into the

5

matter and chose not to pursue the issue further, avoiding the appearance of questioning the jurors' credibility. Such decisions "might be considered sound trial strategy" and are "within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065. In addition, Martin has failed to establish that his counsel's acts or omissions caused prejudice to the outcome of the case. The trial court took corrective measures upon learning of the outside remark, and the jurors gave their assurance that they could disregard the remark and that it would not influence their decision.

Martin also argues on appeal that the district court failed to consider the presumption of prejudice involved when a jury is tainted by extrinsic information. Remmer v. United States, 74 S.Ct. 450, 451 (1954). Remmer held that the government may rebut this presumption by demonstrating that the jurors' exposure to the information was "harmless to the defendant," id., which a court determines by examining "the totality of the circumstances." McNair v. Campbell, 416 F.3d 1291, 1307 (11th Cir. 2005). Also, to support a claim under Remmer, the extrinsic information must have "pose[d] a reasonable possibility of prejudice to the defendant." United States v. Perkins, 748 F.2d 1519, 1533 (11th Cir. 1984).

In this case, the trial court appropriately considered the circumstances of the outside remark, questioned the affected jurors, and ensured the remark would not

influence the jurors' decision. "Based on the record before us, we cannot say that the state court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court." Parker v. Head, 244 F.3d 831 (11th Cir. 2001) (affirming district court's finding of no prejudice from extrinsic information because of the trial court's remedial actions).

We conclude that the state courts reasonably determined that, in the light of applicable federal law, Martin failed to show ineffective assistance of counsel or prejudicial jury taint. The district court's dismissal of Martin's habeas corpus petition is

AFFIRMED.