Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.

COMMONWEALTH OF VIRGINIA

v.  Record No. 070479

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY
November 2, 2007

ADHAN MALDONADO JUARES[1]

FROM THE COURT OF APPEALS OF VIRGINIA

Adhan Maldonado Juares was convicted of aggravated sexual battery, a violation of Code § 18.2-67.3, in the Circuit Court of Loudoun County.  In this appeal we consider whether an ex parte contact between court personnel and the jury during jury deliberations required the trial court to declare a mistrial or set aside the jury verdict.

The following facts are relevant to the issue presented in this appeal.  After his arrest, Juares was interviewed by Investigator Howard Craig and Deputy Jose A. Giron.  Juares, a Mexican national, had a limited command of the English language and Deputy Giron, who spoke Spanish fluently, acted as an interpreter during the interview.  With Juares' permission, a portion of the interview was tape-recorded.

The Commonwealth played the tape-recording during Deputy Giron's testimony at trial.  Deputy Giron testified that his

---

[1] Although this case came to this Court captioned "Commonwealth of Virginia v. Adhan Maldonado," the record reflects that the defendant's full name is Adhan Maldonado Juares.  We use this name in the disposition of this case.

translation recited on the tape was "90, 95 percent word for word." Juares, however, contended that the translation was not entirely complete or accurate. Juares asked the court to have a court-certified interpreter listen to the tape and translate the Spanish portions for the jury. The trial court agreed and a certified court interpreter provided an oral translation of the Spanish-language portions of the tape to the jury.

During its deliberations, the jury asked court personnel[2] if it could have an interpreter. The court personnel did not bring the jury's inquiry to the attention of the trial judge or the parties, but told the jury that an interpreter "[w]ould not be provided." The jury returned a guilty verdict.

Juares learned of the jury's inquiry prior to sentencing and moved to have the verdict set aside and for a mistrial based on the ex parte contact between the jury and court personnel. The trial court, after hearing arguments from the parties, denied Juares' motion. Examining the content of the communication, the trial court held that the denial of a request for an interpreter did not interject any substantive information into the jury's determinations. The trial court observed that there was no objection to the introduction of

---

[2] The identity of the specific employee who responded to the jury's inquiry was not established at trial.

the tape-recording into evidence or providing it to the jury, and the jurors were told they could take notes during the testimony but that no written transcript would be available during their deliberations nor would any testimony be read back to them during their deliberations. The trial court stated that the response by court personnel "simply stated and reaffirmed the Court's prior instruction that they would not have testimony read back to them." Observing that the jury could not have a new interpretation or an interpretation different than that produced during the trial, the trial court stated that "under no circumstances would there ever be an interpreter, . . . where we would send an interpreter back." Thus the trial court concluded that the ex parte contact did not prejudice Juares.

On appeal, the Court of Appeals, applying Remmer v. United States, 347 U.S. 227 (1954), held that the ex parte contact was presumptively prejudicial and that the Commonwealth did not carry its burden to show that the ex parte contact was harmless. The Court of Appeals reversed the conviction and remanded the case for a new trial. We awarded the Commonwealth an appeal.

### DISCUSSION

Generally, a party seeking a mistrial carries the burden of establishing that he suffered prejudice by the complained

3

of acts, <u>Riner v. Commonwealth</u>, 268 Va. 296, 318, 601 S.E.2d 555, 567 (2004); however,

> any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties.

<u>Remmer</u>, 347 U.S. at 229. The presumption of prejudice can be rebutted if, after notice and hearing, the government establishes that the "contact with the juror was harmless to the defendant." <u>Id</u>.

In this case the substance of the response of the court personnel was a private communication with a juror made without the full knowledge of the parties. Nevertheless, the presumption of prejudice arises only if the private communication is "about the matter pending before the jury." <u>Id</u>. The issue before us in this case is whether the court personnel's response concerned a matter pending before the jury. This is an issue of law which we review de novo. <u>See</u> <u>Bristol v. Commonwealth</u>, 272 Va. 568, 573, 636 S.E.2d 460, 463 (2006).

We have previously held that ex parte contacts between a juror and a judge regarding a juror's attention to the proceeding was "administrative in nature." <u>Ellis v.</u>

4

Commonwealth, 227 Va. 419, 423, 317 S.E.2d 479, 481 (1984).
Similarly, the United States Supreme Court determined that a
communication between the judge and a juror regarding a
question raised in voir dire did not relate to any "fact in
controversy or any law applicable to the case."  Rushen v.
Spain, 464 U.S. 114, 121 (1983).

The statement at issue in this case, like those in Ellis
and Rushen, did not convey any additional facts or opinions
regarding the guilt or innocence of Juares nor did it contain
any comment on the law, the evidence or the testimony
presented during the trial.  As noted by the trial court, the
communication to the jury was only a response to a question
regarding a procedural aspect of jury deliberation.  To be
sure, a proper translation of Juares' taped interview was a
crucial part of the evidence in determining the issue of guilt
or innocence.  But the issue before us is not whether there
was error in failing to provide such an interpreter but
whether the response itself related to the issue of guilt or
innocence.[3]  Accordingly, we hold that the response of court
personnel, that no interpreter would be provided to the jury,

---

[3] Juares asserts that the trial court erred in concluding
that the jury would not have been permitted the interpreter.
However, Juares did not assign error to this holding when
appealing the denial of his motion to set aside the verdict or
for a mistrial and that issue is not before us in this appeal.

5

did not address any matter pending before the jury, and therefore the presumption of prejudice did not arise.

In the absence of a presumption of prejudice, the burden remained on Juares to establish that he was prejudiced by the ex parte communication.  He has failed to show that the response of the court personnel affected the jury's deliberations in a manner that was prejudicial to him.[4]

In summary, the trial court did not err in denying Juares' motions for a mistrial and to set aside the verdict based on the ex parte communication between the jury and court personnel.  The ex parte communication was not presumptively prejudicial as a matter of law because it did not concern matters pending before the jury and Juares failed to establish that he was prejudiced by the communication.  Accordingly, we will reverse the judgment of the Court of Appeals and reinstate the conviction.

<u>Reversed and final judgment</u>.

---

[4] Juares' assertions that the response could be interpreted as "a comment that the tape's English translation was sufficiently accurate to satisfy the Court" is without merit.