

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY ACOSTA, | No. 08-55537 |
| Petitioner - Appellant, | D.C. No. 5:05-CV-00443-JFW-FMO |
| v. | |
| MIKE EVANS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

| | |
|---|---|
| GABRIEL AVILA, | No. 08-55541 |
| Petitioner - Appellant, | D.C. No. 5:05-cv-00447-JFW-FMO |
| v. | |
| JAMES WALKER, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted April 14, 2011
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW, BYBEE, and M. SMITH, Circuit Judges.

Larry Acosta ("Acosta") and Gabriel Avila ("Avila") (collectively, "Petitioners") appeal the district court's denial of their habeas petition. We have jurisdiction under 28 U.S.C. § 2253(a) and affirm.

The California Court of Appeal was not objectively unreasonable in concluding that Jurors 4 and 6 were not dishonest during voir dire. *See McDonough Power Equip. Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) ("[T]o obtain a new trial . . . a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*."). Although the two jurors did not fully disclose the details of their military backgrounds during voir dire, the questions they answered were not phrased in a way that required them to do so.

With respect to the jury tampering claim, we agree with the district court that the state courts erred in failing to shift the burden to the prosecution to prove lack of prejudice. *See Remmer v. United States*, 347 U.S. 227, 229 (1954) ("In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is . . . deemed presumptively prejudicial. . . ."). Because this was contrary to clearly established federal law, we review the jury tampering claim de novo. *See Frantz v.*

2

*Hazey*, 533 F.3d 724, 737 (9th Cir. 2008) (en banc). Nonetheless, as the district court found, the record shows that Petitioners were not prejudiced by the trial court's decision to keep Jurors 10 and 12 on the panel. In considering whether "unauthorized communication between a juror and a third party . . . raised a risk of influencing the verdict," we examine "the length and nature of the contact, the identity and role at trial of the parties involved, evidence of actual impact on the juror, and the possibility of eliminating prejudice through a limiting instruction." *Caliendo v. Warden*, 365 F.3d 691, 697–98 (9th Cir. 2004). Here, the call was directed only at Juror 5; Jurors 10 and 12 only learned of the message when Juror 5 played it for them to determine whether it was a joke or a serious threat. The source of the call was unknown, and could not be attributed to Petitioners. In response to questioning from the trial court, Jurors 10 and 12 repeatedly and unequivocally stated that their knowledge of the message would have no impact on their deliberations. Finally, any potential for prejudice was minimized by the trial court's clear instructions to Jurors 10 and 12 to disregard the message and not to discuss the incident with the other jurors. Petitioners therefore suffered no prejudice when the trial court declined to dismiss Jurors 10 and 12.

The California Court of Appeal did not unreasonably apply federal constitutional law in affirming the trial court's decision to strike Avila's testimony

after he refused to identify a percipient witness (and potential accomplice) on cross-examination. *See* 28 U.S.C. § 2254(d)(1). Once a defendant chooses to take the stand, he "opens himself to cross-examination," *United States v. Panza*, 612 F.2d 432, 438 (9th Cir. 1979), and "may no longer refuse to answer questions regarding unprivileged matters reasonably related to his direct testimony," *id.* (citing *Brown v. United States*, 356 U.S. 148, 155–57 (1958)). There is no doubt that the identity of this individual was "reasonably related to [Avila's] direct testimony." *Id.* Prosecution witnesses had testified that the unidentified individual accompanied the Petitioners throughout the incident, and participated in the assault and the murder. Avila himself admitted that this person accompanied him throughout the incident. The identity of this person was also relevant to the prosecution's argument that the murder was gang-related. Finally, had Avila identified this individual, the person could have been called to testify to either verify or impeach Avila's testimony.

Before deciding to strike all of Avila's testimony, the trial court considered less drastic remedies, such as striking only a portion of the testimony, or placing Avila's testimony about the unnamed witness under seal. Only after deeming these solutions unworkable did the trial court strike Avila's testimony in full. Considering these circumstances, the California Court of Appeal reasonably

4

concluded that the trial court's decision was not "arbitrary or disproportionate."

*Rock v. Arkansas*, 483 U.S. 44, 56 (1987).

AFFIRMED.