ALICE M. BATCHELDER, Chief Judge,
concurring.
I concur with the majority opinion and write separately only to emphasize two points.
I. United States v. Remmer was abrogated by Smith v. Phillips
The dissent begins by stating “the law is clear, the facts are clear and our Court is clearly mistaken in its view that defense counsel were not ‘diligent’ ”; he then asserts that in Remmer the Supreme Court established “a clear procedure to deal with this kind of ex parte communication.”
In a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.
Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954). The dissent would accordingly place the burden on the prosecutor to show that there was no bias, and bias is presumed absent such a showing.
As the district court recognized, however, Remmer was abrogated in part by the Supreme Court in Smith v. Phillips, which held that the defendant has the burden to show that there has been actual prejudice. 455 U.S. 209, 215-17, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (stating that “[t]his Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias”; that Dennis v. Unit *349 ed States, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1950) a pre-Remmer case, “rejected [a] claim of implied bias” and held that “[preservation of the opportunity to prove actual bias is a guarantee of a defendant’s right to an impartial jury”; and that Chandler v. Florida, 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981) a postRemmer case, held that the “appropriate safeguard” against juror bias is the “defendant’s right to demonstrate” that the ability of the jury to fairly adjudicate the case was compromised) (internal citations and quotations omitted); see R. 131 (Op. & Order) at 62 (following Sixth Circuit precedent that holds that Smith v. Phillips changed the Remmer rule); see also United States v. Corrado, 227 F.3d 528, 536 (6th Cir.2000) (recognizing that Smith v. Phillips changed the Remmer rule and placed the burden on the defendant to show actual prejudice from ex parte juror communication); Kowalak v. Scutt, 712 F.Supp.2d 657, 691-92 (E.D.Mich.2010) (same). Given the clear holding of Smith v. Phillips — and the recognition by the district court and other 6th Circuit cases that Smith v. Phillips changed the Remmer rule — it is clear that the district court did not unreasonably apply the applicable Supreme Court precedent.
II. Cullen v. Pinholster provides an alternative bar to the consideration of “new” evidence
The Supreme Court in Cullen v. Pinholster held for the first time that federal habeas corpus “review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.” — U.S. -, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). Although the majority opinion does briefly mention that Cullen v. Pinholster restricts federal courts to the record considered by the state court in its merits review, I think a more in-depth look at Pinholster would be helpful here. In Pinholster, the defendant had twice adjudicated state habeas corpus petitions based on ineffective assistance of counsel all the way to the state supreme court, and twice the state supreme court denied the petitions on the “substantive” ground that they lacked merit. Id. at 1396-97. The defendant filed a writ of habeas corpus in federal district court and was granted an evidentiary hearing; he presented two new medical experts who offered new diagnoses of the defendant’s mental state. Id. at 1397. The district court granted habeas relief based on the new evidence and the 9th Circuit affirmed, holding that the new evidence made the state court’s application of the Strickland standard objectively unreasonable. Id. The Supreme Court reversed, reasoning that § 2254(d)(1) is “backward-looking” and thus review under that provision “is limited to the record in existence at that same time i.e., the record before the state court.” Id. at 1398. The Court further reasoned that “[i]t would be strange to ask federal courts to analyze whether a state court’s adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.” Id. at 1399.
Pinholster directly controls the resolution of the juror misconduct ground under § 2254(d)(1). The Ohio Supreme Court considered Sheppard’s argument that Juror Fox’s ex parte communications prejudiced Sheppard’s trial and rejected it on the merits, holding that under Smith v. Phillips and Ohio law Sheppard had suffered no prejudice from the juror misconduct. Ohio v. Sheppard, 84 Ohio St.3d 230, 703 N.E.2d 286, 290-91 (1998). The Ohio Supreme Court was not presented with evidence that Juror Fox had been influenced by his ex parte communication, which indeed did not come to light until a later federal district court evidentiary hearing. This Court is limited to those same facts — that Juror Fox was not influenced by his ex parte contact — before the *350 state court in its review on the merits. Since even Sheppard does not appear to argue that the state court’s analysis was “contrary to” or an “unreasonable application of’ established United States Supreme Court precedent based on the facts before it, affirmance of the district court’s denial of habeas relief on the juror misconduct ground is clearly warranted.