SHEDD, Circuit Judge,
concurring:
In view of the Supreme Court’s recent admonition in White v. Woodall, — U.S. -, 134 S.Ct. 1697, 1706, 188 L.Ed.2d 698 (2014) (emphasis in original), that “[section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court’s precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error,” I believe the district court correctly determined that the state MAR court did not unreasonably interpret Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954), in denying Hurst relief. Thus, if we were writing on a clean slate, I would affirm the district court’s grant of summary judgment to the state.
However, I agree with Judge Traxler that, given our recent sweeping decision in Barnes v. Joyner, 751 F.3d 229 (4th Cir. 2014), we are constrained to vacate the grant of summary judgment and remand this case for an evidentiary hearing. Although I recognize that Barnes controls the outcome in this case, I note that our opinion in Barnes “acknowledges AED-PA’s constraints only in the abstract, while simultaneously analyzing the case at bar as if it were on direct appeal,” Barnes, 751 F.3d at 253, (Agee, J., dissenting) and in so doing “disregarded] perfectly reasonable interpretations [of Supreme Court precedent] and hence contravene[ed] § 2254(d)’s deferential standard of review,” White, 134 S.Ct. at 1704.
Notwithstanding these reservations, I concur.