NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWNDRA STAR BOODE, | No.   15-16057 |
| Petitioner-Appellant, | D.C. No. 3:13-cv-02438-EMC |
| v. | |
| D. K. JOHNSON, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted September 13, 2016[**]
San Francisco, California

Before:  W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Petitioner-Appellant Shawndra Star Boode brings a federal habeas petition

under 28 U.S.C. § 2254 challenging her jury conviction of two counts of first-

degree murder.  The district court denied the petition.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. §§ 1291 and 2253 and review de novo the district court's decision to deny Boode's habeas petition. *See Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review. To warrant habeas relief under AEDPA, a petitioner must show "that the earlier state court's decision was contrary to federal law then clearly established in the holdings of [the Supreme] Court, § 2254(d)(1); or that it involved an unreasonable application of such law, § 2254(d)(1); or that it was based on an unreasonable determination of the facts in light of the record before the state court, § 2254(d)(2)." *Hedlund v. Ryan*, 815 F.3d 1233, 1239 (9th Cir. 2016) (quoting *Harrington v. Richter*, 562 U.S. 86, 100 (2011)). We affirm the district court's denial of Boode's habeas petition for the following reasons.

1. The state trial court's refusal to discharge a juror who perceived Boode's co-defendant, Jorge Rodriguez, to act in a threatening manner toward a witness during trial did not violate Boode's Sixth or Fourteenth Amendment rights to an impartial jury. The alleged presence of juror bias presents a "question . . . of historical fact: did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed." *Patton v. Yount*, 467 U.S. 1025, 1036 (1984).

In light of the record in the state court proceedings, we conclude that the trial

court did not make an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). The juror ultimately testified that she thought she could still fairly evaluate the case, and the trial court determined that the juror could continue to serve fairly and impartially. "The trial court was in a superior position to observe [the juror's] physical appearance and demeanor and thereby to determine her ability to continue deliberating." *Perez v. Marshall*, 119 F.3d 1422, 1427 (9th Cir. 1997).

Given the juror's statements that she thought she could be fair and the deference due to the trial court's assessment of the juror's demeanor, Boode has not shown that the trial court unreasonably found that the juror was impartial. *See Bashor v. Risley*, 730 F.2d 1228, 1237 (9th Cir. 1984) (holding that a juror who initially equivocated as to her impartiality could be found impartial after she affirmatively said she thought she could be fair). Nor has Boode shown that the California Court of Appeal's decision was based on an unreasonable determination of the facts. Boode therefore is not entitled to habeas relief on this claim.

2. The district court also analyzed Boode's claim using a juror misconduct framework. The district court concluded that a constitutional error occurred because the prosecution did not meet its burden of disproving prejudice. *See Remmer v. United States*, 347 U.S. 227, 229 (1954). We need not reach the merits

3

of the constitutional claim because we agree with the district court that the error, if any, was harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). During the trial court's hearing, the juror stated that she had not discussed her observations with other jurors, and the court instructed her not to do so in the future. The jury heard witness testimony implicating the defendants. This included compelling testimony from Jeffery DeTar and Peter Elisary. The jury also learned that Rodriguez's sister gave a statement to police consistent with Boode's and Rodriguez's involvement in the murders. The trial court correctly instructed the jury that it "must decide all questions of fact in this case from evidence received in this trial and not from any other source." After twenty-one trial days, the jury deliberated for only two hours. On this record, Boode has not shown that juror misconduct, if any, "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 638 (internal quotation marks omitted).

3. Boode also argues that the state trial court denied her the right to due process by declining to give her recently-appointed counsel more time to prepare for trial. Boode's trial counsel had approximately four months to review the record and prepare for trial. Boode does not identify any Supreme Court authority that would support this claim. We conclude that any error was harmless under *Brecht,* 507 U.S. 619. Boode argues that her counsel's rushed preparation prevented

counsel from adequately identifying the discrepancies between the prosecution witnesses' various prior statements. Boode does not, however, identify any actual evidentiary discrepancies that her counsel failed to tease out, and the trial court specifically found that Boode's counsel "didn't seem to have any trouble cross-examining the witnesses." Boode therefore has failed to show prejudice.[1]

**AFFIRMED.**

---

[1] Boode also appears to argue that the trial court prejudiced her right to present a defense by failing to approve her drug expert's access to certain evidence and by failing to fund her drug expert adequately for him to devote sufficient time to the case. This claim is unexhausted because it appears nowhere in Boode's petition for review to the California Supreme Court. The State has not expressly waived this exhaustion requirement, and therefore the claim is not properly before us. *See* 28 U.S.C. § 2254(b)(3).