Delanoe S. DEAN, Petitioner—
Appellant,

v.

T.M. HORNUNG, Warden,
Respondent—
Appellee.

No. 04–56734.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2006.*

Filed Feb. 24, 2006.

Delanoe S. Dean, San Diego, CA, pro se.

Gary P. Burcham, Esq., San Diego, CA, for Petitioner–Appellant.

Lawrence M. Daniels, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM **

Petitioner Delanoe Dean appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus based on alleged juror misconduct in his California state court trial. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and 2254, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I. The California Court of Appeal's determination that the elevator encounter did not constitute juror misconduct comports with Supreme Court precedent.

The California Court of Appeal correctly identified the rule set forth in *Mattox v. United States*[1] and *Remmer v. United States*.[2] Therefore, its decision was not contrary to that case law.[3] The Court of Appeal's determination that the rule did not apply also was reasonable under *Mattox* and *Remmer*.[4] There was no "communication" or "contact" between the jurors and the victim, and thus, the presumption of prejudice did not apply.[5] Accordingly, we affirm.

## II. The California Superior Court's evidentiary hearing regarding Dean's allegation of misconduct was procedurally sufficient and thus reasonable under Supreme Court precedent.

No Supreme Court precedent clearly establishes that a judge must ask jurors whether an allegedly prejudicial contact personally influenced or affected them. Clearly established law requires only that the judge conduct a hearing at which "the defendant has the opportunity to prove actual bias."[6] That is precisely what the Superior Court did in this case. Therefore, we affirm.

The district court's denial of Dean's petition for a writ of habeas corpus is AFFIRMED.

---

1. 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892).

2. 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

3. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405—06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (holding that a state court decision is "contrary to" clearly established Supreme Court precedent if the court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases").

4. *See* 28 U.S.C. § 2254(d)(1); *see Williams*, 529 U.S. at 407, 120 S.Ct. 1495 (holding that "a state-court decision involves an unreasonable application of [Supreme Court] precedent if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case").

5. *See Mattox*, 146 U.S. at 150, 13 S.Ct. 50; *see Remmer*, 347 U.S. at 229, 74 S.Ct. 450.

6. *See Smith v. Phillips*, 455 U.S. 209, 215, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

