Jeffrey S. HARNDEN, Petitioner—
Appellant,

v.

James ROWLAND, Respondent—
Appellee.

No. 04–16850.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2006.

Decided May 26, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We grant the government's unopposed motion to file an amended brief.

_____

Peter F. Goldscheider, Esq., Law Offices of Peter F. Goldscheider, Palo Alto, CA, for Petitioner–Appellant.

Morris Beatus, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER, KOZINSKI and FISHER, Circuit Judges.

## MEMORANDUM *

Jeffrey S. Harnden appeals the district court's denial of his habeas corpus petition alleging that his Sixth Amendment right to an impartial jury was violated by the California trial court's failure to conduct a more thorough investigation into the possibility of jury misconduct in the course of his 1995 trial on charges of kidnaping a child, rape, lewd acts upon a child and forcible oral copulation.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review under AEDPA, *see Smith v. Robbins,* 528 U.S. 259, 268 n. 3, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), and affirm the district court's denial of his petition.

The three Supreme Court cases cited by Harnden—*Mattox v. United States,* 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892), *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), and *Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)—do not establish the broad rule he suggests. Rather *Remmer* and *Smith* provide a "flexible rule" and "do not stand for the proposition that *any time* evidence of juror bias comes to light, due process requires the trial court to question the jurors alleged to have bias." *Tracey v. Palmateer,* 341 F.3d 1037, 1044 (9th Cir.2003).

Further, the Supreme Court has not clearly extended the presumption of prejudice beyond jury tampering cases. "[W]e treat jury tampering cases very differently from other cases of jury misconduct" and consequently place "a heavy burden on the government to rebut the presumption" of prejudice only when jury tampering is at issue as in *Remmer* and not when the

_____

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Harnden also raises a claim that was procedurally defaulted under California law regarding a change of venue motion he failed to renew following voir dire. This claim was not included as part of the certificate of appealability (COA) that we issued pursuant to 28 U.S.C. § 2253(c). However, Harnden briefed this uncertified issue in conformance with 9th Cir. R. 22–1(e), and we therefore construe his brief as a motion to expand the COA. Because Harnden has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as a result of the application of California's procedural default rule, we deny his motion to expand the COA.

issue is a lesser form of jury misconduct as in *Smith* and here. *See United States v. Dutkel,* 192 F.3d 893, 894–95 (9th Cir. 1999).

Under the circumstances here, neither the trial court's failure to investigate potential bias among the non-excused jurors nor the California Court of Appeal's denial of Harnden's jury misconduct claim on the merits was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).[2] Harnden's argument with respect to the trial court's and the court of appeal's failure to presume prejudice based on defense counsel's showing at the February 7, 1995 in camera hearing likewise does not pass AEDPA's stringent standard of review. Defense counsel did not object to the procedure used by the court to dismiss one juror, and the only evidence of jury misconduct before the court was vague third-party hearsay.

Lastly, our conclusion that under AEDPA the trial court's failure to investigate the non-excused jurors' potential bias was not error necessarily defeats Harnden's "structural error" argument. Further, we have previously recognized that "no Supreme Court precedent holds that a failure to investigate potential juror bias presents structural error." *Sims v. Rowland,* 414 F.3d 1148, 1153 (9th Cir.2005).

**AFFIRMED.**

---

**2.** Harnden does not challenge his state conviction on the basis of 28 U.S.C. § 2254(d)(2).