**Clinton Douglas KING, Petitioner–Appellant,**

**v.**

**Stuart J. RYAN, Respondent–Appellee.**

**No. 07–55150.**

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2009.[*]

Filed March 10, 2009.

Clinton Douglas King, Imperial, CA, pro se.

April S. Rylaarsdam, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Clinton Douglas King (King) appeals from the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm.

King presents no evidence of juror misconduct that supports finding a violation of clearly established federal law in denying him access to the jurors' personal information. *See* 28 U.S.C. § 2254(d)(1); *Grotemeyer v. Hickman,* 393 F.3d 871 (9th Cir.2004). That a juror brought his "outside experience to bear on the case is not sufficient to make [his] alleged statements violate" King's right of confrontation or right to an impartial jury. *Grotemeyer,* 393 F.3d at 878–79.

Moreover, King does not present colorable evidence of extrinsic influence so that an evidentiary hearing or other action, such as disclosure of jurors' personal information, was required under *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954). *Grotemeyer,* 393 F.3d at 880–81. King attempts to distinguish *Grotemeyer,* but that case involved the denial of an evidentiary hearing under similar circumstances. *See Grotemeyer,* at 875–76; 880–81. A juror's provision of a scientific explanation for his statements during deliberations is not colorable evidence of misconduct and does not create a right to a hearing or other action under *Remmer. See id.* at 880–81. Thus, this case is unlike those King relies on, where allegations of juror misconduct necessitated a hearing. *See Remmer,* 347 U.S. at 228–30, 74 S.Ct. 450; *Smith v. Phillips,* 455 U.S. 209, 212–214, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Dyer v. Calderon,* 151 F.3d 970, 972–73 (9th Cir.1998) (en banc).

We do not address King's contention that the state court made unreasonable determinations of fact under 28 U.S.C. § 2254(d)(2) in finding that an evidentiary issue was not material at trial and was a matter of common knowledge. Even if King were to prevail on these issues, the juror conduct at issue would not be misconduct.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

