**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKEY TODD MAJOR, | No. 10-15742 |
| Petitioner - Appellant, | D.C. No. 3:99-cv-00237-LRH-RAM |
| v. | |
| E. K. MCDANIEL; FRANKIE S. DEL PAPA, | MEMORANDUM[*] AND ORDER |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 15, 2011
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

Nevada state prisoner Rickey Todd Major ("Major") appeals the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The district court rejected all of Major's claims for relief, but certified two issues

for appeal under 28 U.S.C. § 2253(c): that (1) Major's trial attorney, Matthew

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Stermitz, rendered ineffective assistance of counsel by failing to prepare adequately for trial by ensuring that he understood the forensic evidence; and (2) that Stermitz was ineffective for failing to voir dire adequately the State's forensic anthropologist, Dr. Sheilagh Brooks.

Major's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). We therefore cannot grant habeas relief unless the last reasoned Nevada state court decision "'was contrary to' federal law then clearly established in the holdings of th[e] [Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before [it].'" *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citations omitted). Both of the certified issues are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Consequently, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785. We review the district court's denial of a habeas petition de novo. *See Martinez v. Schriro*, 623 F.3d 731, 735 (9th Cir. 2010). We hold that the district court did not err in rejecting the certified issues, but we certify an additional claim for further briefing.

2

1.  The Nevada Supreme Court did not unreasonably apply *Strickland* in holding that Major failed to show that Stermitz's performance was deficient with regard to his trial preparation for the forensic testimony.  In order to prepare for trial, Stermitz reviewed the expert reports and two books and consulted with his own expert on multiple occasions.  Moreover, Stermitz had an undergraduate degree in geology and some experience working as an archeologist, during which he "exhumed a few bodies."  The Nevada Supreme Court was not unreasonable in holding that Stermitz's preparation and investigation did not fall below prevailing professional norms.  *See Harrington*, 131 S. Ct. at 788; *Wiggins v. Smith*, 539 U.S. 510, 523 (2003).

2.  We similarly reject Major's argument that the Nevada Supreme Court unreasonably applied *Strickland* to hold that Stermitz did not provide ineffective assistance of counsel by failing to voir dire Dr. Brooks adequately as to her expert qualifications or to object to her certification as a forensic expert.  In particular, Major has failed to present any evidence to suggest that Dr. Brooks was actually unqualified to give expert testimony under Nevada law.  *See* Nev. Rev. Stat. 50.275; *Staccato v. Valley Hosp.*, 123 Nev. 526, 530–31 (2007).  Therefore, the Nevada Supreme Court was not unreasonable in holding that Stermitz did not

3

render ineffective assistance with regard to Dr. Brooks being qualified as an expert witness. *See Harrington*, 131 S. Ct. at 788.

3. Pursuant to 28 U.S.C. § 2253(c), we hereby GRANT a certificate of appealability as to Ground Two of Major's Amended Petition for Habeas Corpus. *See* Opening Br. at 29–34. By April 11, 2011, Respondent shall file a supplemental answering brief, not to exceed 8,400 words, addressing the following two questions: (1) whether the Nevada Supreme Court's decision that Major's right to due process and a fair trial were not violated when the trial court refused to dismiss a juror whose coworker remarked that the prosecution had possession of a knife used in the murder was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the record before it; and (2) the standard of prejudice review that this court ought to employ. Petitioner's supplemental reply brief, not to exceed 5,600 words, is due two weeks from the date upon which Respondent's brief is filed.

4. Major's request for a certificate of appealability as to the remaining uncertified issues is DENIED.

5. The time to file a petition for rehearing shall not begin to run until the court files a supplemental disposition regarding the newly certified issue.

4

So ordered.