**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKEY TODD MAJOR, | No. 10-15742 |
| Petitioner - Appellant, | D.C. No. 3:99-cv-00237-LRH-RAM |
| v. | |
| E. K. MCDANIEL; FRANKIE S. DEL PAPA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 15, 2011
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

Nevada state prisoner Rickey Todd Major ("Major") appeals the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

In a previous memorandum disposition, we denied Major's appeal of the two

issues the district court certified for appeal under 28 U.S.C. § 2253(c), both of

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

which related to the alleged ineffectiveness of Major's trial attorney. *See Major v. McDaniel*, No. 10–15742, 2011 WL 1097750, at *1 (9th Cir. Mar. 25, 2011) (mem. disp.). At the same time, we granted a certificate of appealability and ordered supplemental briefing on Ground Two of Major's Amended Petition for Habeas Corpus, which alleged that Major's right to due process and a fair trial were violated when the trial court refused to dismiss a juror whose coworker remarked that the prosecution had possession of a knife used in the murder for which Major was convicted.[1] *See id.* at *2. We now address that issue.

Major's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), so we cannot grant habeas relief unless we conclude that the last reasoned Nevada state court decision "'was contrary to' federal law then clearly established in the holdings of th[e] [Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before [it].'" *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citations omitted). We review the district court's denial of a habeas petition de novo. *See Martinez v.*

---

[1] We denied Major's request for a certificate of appealability as to the remaining uncertified issues. *See id.* at *2.

*Schriro*, 623 F.3d 731, 735 (9th Cir. 2010). Upon consideration of the supplemental briefing on the final issue presented by Major's appeal, we affirm.

1. *Mattox v. United States*, 146 U.S. 140 (1892), and *Remmer v. United States* ("*Remmer I*"), 347 U.S. 227 (1954) clearly establish that any possibly prejudicial "private communication . . . with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial," and "the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant." *Id.* at 229; *see also Mattox*, 146 U.S. at 150 ("Private communications, possibly prejudicial, between jurors and third persons . . . are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear."). The communications at issue here with a non-juror were substantive and so "possibly prejudicial," *id.*, and yet, contrary to *Mattox* and *Remmer I*, the Nevada Supreme Court held that Major was entitled only to the hearing that he received, at which *he* had the burden of proving actual bias. The Nevada Supreme Court's decision was therefore "contrary to" clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

2. Because the Nevada Supreme Court applied the wrong legal standard, "we must . . . evaluate de novo [Major's] constitutional claim[], without limiting

3

ourselves to the reasoning of the state court." *Frantz v. Hazey*, 533 F.3d 724, 739 (9th Cir. 2008) (en banc). Doing so, we conclude that giving Major the benefit of a presumption of prejudice, the record nonetheless demonstrates that there was no reasonable possibility that the communications at issue influenced the verdict. *See Remmer v. United States* ("*Remmer II*"), 350 U.S. 377, 381–82 (1956); *Mattox*, 146 U.S. at 150–51; *Caliendo v. Warden of Cal. Men's Colony*, 365 F.3d 691, 697 (9th Cir. 2004); *United States v. Dutkel*, 192 F.3d 893, 899 (9th Cir. 1999).

The juror Major contends should have been dismissed did not solicit the communication from her coworker; she took steps to put an end to the conversation; and she conscientiously reported it to the trial judge. The juror was questioned about the communication by the prosecutor, Major's attorney, and the trial judge. Not only did the juror state unequivocally that she would not consider the communication in any way, but, crucially, she also said emphatically that she did not believe that her coworker was telling the truth, as the coworker was apparently prone to lying. Accordingly, presuming prejudice, as we must, the presumption was overcome, and there was no reasonable possibility that the communications influenced the verdict.

**AFFIRMED.**

4