**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID DEL TORO, | No.   18-56421 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-03624-RSWL-RAO |
| v. | |
| RAYMOND MADDEN, Warden, Centinela State Prison, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted April 3, 2020
Pasadena, California

Before:  PAEZ and CALLAHAN, Circuit Judges, and LYNN,** District Judge.

David Del Toro ("Del Toro"), a California prisoner convicted of

murder, appeals the district court's denial of his petition for habeas relief under 28

U.S.C. § 2254.  Del Toro argues that the jury's consideration of erroneous extrinsic

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Barbara M. G. Lynn, United States Chief District Judge for the Northern District of Texas, sitting by designation.

information concerning the maximum sentence for manslaughter violated his constitutional rights and prejudiced the jury in favor of a murder verdict. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's dismissal of Del Toro's § 2254 petition and affirm. *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).

On habeas review of a state court's affirmance of a criminal conviction, 28 U.S.C. § 2254(d) constitutes a "threshold restriction" on federal habeas corpus relief. *Renico v. Lett*, 559 U.S. 766, 773 n.1 (2010). Section 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court," subject to only two exceptions. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). These exceptions require a petitioner to show that the state court's adjudication of the claim either (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Moreover, the petitioner must demonstrate "a reasonable probability" that the jury would have reached a verdict less than murder but for the error. *Clark v. Brown*, 450 F.3d 898, 916 (9th Cir. 2006).

We consider whether these exceptions apply by looking to the last reasoned state-court decision. *Murray*, 745 F.3d at 996. Here, that would be the California Court of Appeal's decision affirming Del Toro's conviction.

Del Toro has not made the requisite showing of prejudice for relief. Even assuming the court based its decision on an unreasonable determination of the facts or failed to apply the presumption of prejudice mandated by the Supreme Court's decisions in *Remmer v. United States*, 347 U.S. 227 (1954) and *Mattox v. United States*, 146 U.S. 140 (1892), Del Toro has failed to establish "a reasonable probability" that the jury would have reached a verdict less than murder but for the misconduct, *Clark*, 450 F.3d at 916.

Indeed, the evidence presented at trial indicated that Del Toro committed murder, not manslaughter. The state's expert partially attributed Flores's death to strangulation, permitting a reasonable inference that Del Toro premeditated her killing. *Schad v. Ryan*, 671 F.3d 708, 717–18 (9th Cir. 2011), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015). A portion of rope found near Flores's body "matched" the rope found in Del Toro's driveway and the police recovered a rope-tying manual in his living room. Other evidence indicated that Del Toro had made several inept attempts to cover up the killing, partially hosing down his truck and placing his blood-stained clothing in a plastic bag for disposal. And critically, Del Toro himself testified that he had not killed

3

Flores at all, not that he had done so under circumstances constituting manslaughter rather than murder.

For these reasons, Del Toro has not met his burden of demonstrating that the jury's misconduct "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Kirkpatrick v. Chappell*, 950 F.3d 1118, 1128 (9th Cir. 2020) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

**AFFIRMED.**