# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Fabian Lamichael Green, Petitioner.

Appellate Case No. 2019-001435

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Laurens County
Donald B. Hocker, Circuit Court

---

Opinion No. 28001
Heard September 16, 2020 – Filed November 12, 2020

---

## AFFIRMED AS MODIFIED

---

Appellant Defender Susan B. Hackett, of Columbia for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown, all of Columbia; Eighth Circuit Solicitor David M. Stumbo, of Greenwood; and Samuel M. Bailey, of Gilbert Law Firm, LLC, of Beaufort, all for Respondent.

---

**JUSTICE KITTREDGE:** We granted a writ of certiorari to review the court of appeals' decision in *State v. Green*, 427 S.C. 223, 830 S.E.2d 711 (Ct. App. 2019). We affirm as modified. We refer to the excellent court of appeals' opinion for the facts and legal issues. Petitioner Fabian Green was convicted of murder and desecration of human remains. Two issues were presented on direct appeal—a challenge to (1) the trial court's Rule 901(b)(4), SCRE, authentication determination concerning social media posts, and (2) the trial court's denial of Petitioner's motion for a mistrial based on an alleged improper communication between a bailiff and a member of the jury. Finding no abuse of discretion by the trial court on either issue, the court of appeals affirmed.

We have carefully reviewed Petitioner's challenges in light of the record and applicable law. For the reasons set forth by the court of appeals, we affirm the trial court's authentication determination and admission of the social media posts without further comment.

We do wish, however, to clarify the court of appeals' analysis concerning the bailiff misconduct issue. Like the court of appeals, we recognize a criminal defendant's right to a fair and impartial jury. U.S. Const. amend. VI; S.C. Const. art. I, § 14. In the Sixth Amendment context, the Supreme Court of the United States has held that "any private communication, contact, or tampering . . . with a juror during a trial about the matter pending before the jury is . . . deemed presumptively prejudicial." *Remmer v. United States*, 347 U.S. 227, 229 (1954). The Court in *Remmer* concluded: "The presumption is not conclusive, but the burden rests heavily upon the Government to establish . . . that such contact with the juror was harmless to the defendant." *Id*. Our court of appeals found the "comments [by the bailiff] here triggered *Remmer*." *Green*, 427 S.C. at 236, 830 S.E.2d at 717. We are not persuaded that the *Remmer* presumption of prejudice applied here.

We readily agree with the court of appeals that the State "overthrew" any presumption of prejudice, if it applied. In this regard, we join the court of appeals in commending the trial court for its "deft handling of this issue." The trial court questioned each juror and the bailiff, which proved "there was no reasonable possibility the [bailiff's] comments influenced the verdict." *Id*. Our unwillingness to categorically apply the *Remmer* presumption of prejudice stems from our view that not every inappropriate comment by a bailiff to a juror rises to the level of constitutional error. In *Remmer*, a juror was approached by a "person unnamed" and told "that [the juror] could profit by bringing in a verdict favorable to the [defendant]." 347 U.S. at 228. The federal district court, without holding a hearing, denied the defendant's motion for a new trial. *Id*. at 229. Ultimately, the

Supreme Court recognized the presumption of prejudice from the highly improper juror contact and remanded to the federal district court "to hold a hearing to determine whether the incident complained of was harmful to the [defendant]." *Id.* at 229–30.

The attempted bribery of a juror in *Remmer*—conduct which goes to the heart of the merits of the case on trial—is a far cry from the circumstances presented in this case. The bailiff's actions here—though improper—did not touch the merits, but dealt only with the procedural question of how the judge might handle a jury impasse that apparently never materialized. Here, the jury deliberated approximately four hours before reaching a verdict. The jury never indicated it was at an impasse. At some point in the deliberations, a juror asked the bailiff what would happen if the jury were not able to reach a verdict. The response by the bailiff, while inappropriate, did not rise to level of a violation of Petitioner's Sixth Amendment right to a fair and impartial jury.

We recognize that bailiffs serve an important role in the conduct of jury trials. We further recognize that bailiffs must communicate with jurors. But those communications should be limited to procedure and logistics concerning jury service. Where a juror asks a bailiff a question that is of a substantive nature related in any manner to the case or the deliberative process, the bailiff should not comment except to request that the question be placed in writing so it can be delivered to the judge. While we decline to adopt the *Remmer* presumption of prejudice in every instance of an inappropriate bailiff communication to a juror, the occasion of this case presents an opportunity for our clerks of court and circuit judges to ensure that all bailiffs are properly trained.

The decision of the court of appeals is

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., HEARN, FEW and JAMES, JJ., concur.**