Filed 4/14/21  P. v. Lamas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C090384 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR13722) |
| v. | |
| OCTAVIO LAMAS, | |
| Defendant and Appellant. | |

Defendant Octavio Lamas appeals from the trial court's denial of his request for a new trial following the discovery that the bailiff charged with safeguarding the jury was present for some portion of the jury's deliberations.  Defendant argues the bailiff's presence during deliberations was per se prejudicial in violation of the federal and state Constitutions.  The People agree that the bailiff's presence during jury deliberations was error, but contend it created a rebuttable presumption of prejudice.  Nevertheless, the People concede that the record does not support the trial court's finding that the presumption of prejudice was rebutted, and ask us to remand the matter for further proceedings.

1

We agree with the People. We will conditionally reverse the judgment and direct the trial court to conduct further proceedings to determine whether the presumption of prejudice is rebutted. If the presumption of prejudice is rebutted, the judgment shall be reinstated.

BACKGROUND

On April 16, 2019, a jury found defendant guilty of corporal injury resulting in a traumatic condition (Pen. Code, § 273.5, subd. (f)(2)),[1] resisting arrest (§ 69), and violation of a criminal protective order (§ 273.6, subd. (a)). On April 22, 2019, the trial court disclosed to the parties that it had learned the bailiff was present for part of the jury's deliberations. The defense indicated it would be researching a motion for a mistrial, including the possibility of requesting an investigation concerning any impact this may have had on the jury's deliberations, especially in reference to the resisting arrest count. The parties did not ask the trial court to release juror information at that time.

On June 3, 2019, defendant filed a motion for a new trial, arguing the bailiff's presence during deliberations denied defendant a fair trial and there was no earlier opportunity to raise the issue. Defendant argued the bailiff's presence infringed on the deliberation's secrecy thereby inhibiting the deliberations, and that it was unlawful under section 167 [unauthorized recording, listening, or observing deliberation of jury]. Defendant asked that the trial court grant his motion even though the parties and the court had not interviewed the jurors.

The People's opposition disagreed, arguing the verdict was presumed correct, none of the statutory bases for granting a new trial applied, a violation of section 167 did not occur because the jury had been aware of the bailiff's presence, and defendant had

---

[1] Undesignated statutory references are to the Penal Code.

2

not otherwise established clear error or that any such error had been prejudicial. The People nevertheless noted that in another matter, the trial court had recalled and interviewed jurors, and the trial court might want to avail itself of that process in this case.

The People's opposition included a declaration from Deputy Sheriff Heath Rasmussen, which relayed that he had been the bailiff assigned for the jury, had set up the courtroom for jury deliberations in the front of the courtroom, had provided the jury with evidence from the trial (including a USB video and defense counsel's laptop so that the video could be viewed), had instructed the jury he would be available for questions, and had initially waited outside in the lobby. After a short time, the jury asked him a question concerning testimony, which he had the jury commit to writing and then relayed to the judge. In response to the jury question, the parties had agreed to have the court reporter read the requested testimony to the jury.

The bailiff's declaration explained what happened next: "I entered the courtroom/jury room with the court reporter. The court reporter took his equipment into another room and located the requested testimony. While the court reporter was in the room gathering his equipment, the jury was instructed to stop their deliberations. After the court reporter exited the courtroom/jury room, I instructed the jury they could continue with their deliberations. At this time, I went to the back of the courtroom and sat in the back row of the room in the chair closest to the door. I had no interaction with the jury nor was I paying any attention to their deliberations. [¶] After a short period of time, the court reporter re-entered the courtroom/jury room. The court reporter conducted read back of the requested testimony and then left the room. I assisted the jury with operating the laptop and playing the video contained on the USB drive. I did this twice as they requested to watch it a second time.

"After assisting with the video playback, I again went and sat in the very back of the courtroom in the last row of seats in the seat closest to the door. I had no interactions

3

with the jury nor was I paying any attention to their deliberations. After a period of time, I exited the courtroom as I felt the jury did not need any further assistance with the video nor did they have any additional needs at the time." Sometime after the bailiff exited the courtroom, the jury reached its verdict.

At the June 14, 2019 hearing on the new trial motion, the parties stipulated that Deputy Rasmussen would testify consistent with his declaration attached to the People's opposition. The parties clarified for the trial court that this had been the Deputy's first or second jury as a bailiff and that because the video was part of evidence, the jury was free to watch it whenever it wanted. The trial court took judicial notice of the size and dimensions of the courtroom and that this particular court did not have a separate jury deliberation room. The defense submitted the matter on its briefs. The People disagreed with defendant's arguments and added that the trial court had in the past, and should in this instance, call in the jurors to ask them whether their deliberations were impacted by the bailiff's brief presence during deliberations. While the People disagreed that the bailiff's brief presence established a violation, the prosecutor suggested the trial court would not know whether there was prejudice without talking to the jurors. Rather than deciding the matter, the court reset the hearing so that it could be heard by the trial judge.

On June 21, 2019, the parties continued the hearing on the new trial motion. At the outset, the trial court referenced *People v. Oliver* (1987) 196 Cal.App.3d 423 (*Oliver*), a case previously unaddressed by the parties. The trial court said that under that case, defendant would have the initial burden to show that the bailiff was present during jury deliberations, then the burden would shift to the People to rebut the presumption of prejudice. The parties again stipulated that Deputy Rasmussen would testify consistent with his report, thus shifting the burden to the People. The People initially challenged *Oliver*, but ultimately asked that the jurors be brought in for questioning. The trial court said the People would have to petition for the release of juror information, but the People noted that in the past the trial court had brought in the jurors. Defense counsel explained

4

it was counsel's last day working in the trial court, so counsel would need to be appointed to represent defendant in further proceedings.

The trial court stated: "I do think *People v. Oliver* is on point here. In that case, as I said before, a court reporter was present, and the court found that mere presence during deliberations, the appropriate burden at that point was not a prejudicial per se standard, but the standard I've already articulated, which is a rebuttable presumption of prejudice, where once it's established that the person was present, that presumption shifts to the prosecution to show that the presumption of prejudice -- to overcome that presumption of prejudice.

"Based on the statements of the officer, I do find the people have met that burden beyond a reasonable doubt. Specifically the deputy was present for a limited amount of time, but could not hear the deliberations. He reentered the courtroom a couple times, and sat in the very back of the courtroom, in the last row of seats. And he had no interaction with the jurors, nor was he paying attention to the deliberations. [¶] With that, I find the People have met their burden, and your motion for a new trial is denied."

The trial court ordered the matter reassigned to a new public defender, and defendant was sentenced to prison on July 12, 2019.

STANDARD OF REVIEW

"We review independently the trial court's denial of a new trial motion based on alleged juror misconduct." (*People v. Gamache* (2010) 48 Cal.4th 347, 396 [citing *People v. Ault* (2004) 33 Cal.4th 1250, 1261-1262].) In so doing, we " ' "accept the trial court's credibility determinations and findings on questions of historical fact if supported by substantial evidence." ' [Citation.]" (*Gamache,* p. 396.)

DISCUSSION

I

In *Oliver, supra*, 196 Cal.App.3d 423, this court analyzed whether a court reporter's presence in the jury room for part of the jury's deliberation violated a

5

defendant's jury trial right as protected by the Sixth Amendment of the United States Constitution and the California Constitution. (*Oliver,* at pp. 428-431.) This court explained that "the jury's verdict must be based upon the evidence adduced at trial uninfluenced by extrajudicial evidence or communications or by improper association with the witnesses, parties, counsel or other persons." (*Id.* at p. 428.) "Equally implicit in this constitutional guaranty is the right to have the jury's deliberations conducted privately and in secret, free from all outside intrusions, and extraneous influences or intimidations." (*Ibid.*) Thus, "private, confidential deliberations outside of the presence of all nonjurors are an essential feature of the right to an impartial jury trial guaranteed by the Sixth Amendment. An infringement of that essential right therefore constitutes an error of federal constitutional dimension." (*Id.* at p. 429.) This court concluded that the presence of the court reporter in the jury room during deliberations violated both the federal and state Constitutions. (*Oliver,* at p. 431.)

We see no reason why the presence of a bailiff during deliberations would be any less of a violation of this right. Accordingly, we conclude the presence of Deputy Rasmussen during deliberations was an error under both the state and federal Constitutions.

II

We next determine whether such error is subject to a presumption of prejudice and whether the presumption was rebutted. Defendant contends the bailiff's presence, as an officer of the court, was per se prejudicial, requiring the granting of his new trial request. The People argue the bailiff's presence created a rebuttable presumption of prejudice, but that the trial court erred in concluding the bailiff's declaration was sufficient to rebut the presumption.

In *Oliver*, this court rejected the notion that the mere presence of a court reporter during a portion of deliberations constituted error that was reversible per se. (*Oliver,*

6

*supra*, 196 Cal.App.3d at pp. 425, 434-435.)  This court concluded a rebuttable presumption of prejudice should be applied.  (*Id.* at p. 434-435.)

The rationale in *Oliver* applies in this case.  That rationale is consistent with the general rule in California that jury misconduct gives rise to a rebuttable presumption of prejudice (*People v. Valles* (1979) 24 Cal.3d 121, 128; id. at p. 132 (dis. opn. of Mosk, J.)), and it is also consistent with federal authorities.  (*Valles,* at p. 132 (dis. opn. of Mosk, J.) [citing *Remmer v. United States* (1954) 347 U.S. 227, 229 [98 L.Ed. 654, 655-656]].)  We discern no reason why a different rule should apply on these particular facts.  (See, e.g., *People v. Bradford* (2007) 154 Cal.App.4th 1390, 1417.)

Turning to whether the presumption of prejudice is rebutted, the People properly concede that there is insufficient evidence in the current record to rebut the presumption. The bailiff's declaration that he did not speak with the jurors and did not listen to their deliberations is not sufficient to rebut the presumption of prejudice in the absence of information from the jurors themselves.  While it is possible that the jurors did not notice this intrusion into their deliberations or feel a reluctance to speak in his presence, we do not know whether this is true because the jurors were never asked.  (See, e.g., *United States v. Olano* (1993) 507 U.S. 725, 739 [123 L.Ed.2d 508] [the "ultimate inquiry" is whether "the intrusion affect[ed] the jury's deliberations and thereby its verdict"]; *Oliver, supra*, 196 Cal.App.3d at p. 435 [presumption rebutted because jurors did not recount reluctance to speak in front of court reporter, nor were they uncomfortable deliberating in her presence, and all agreed she did not express any views on the case].)

III

Having concluded the presumption of prejudice is not yet rebutted, we address whether it is appropriate to remand for further proceedings so that the jurors may be consulted.  Defendant argues it would be unjust to remand for such proceedings because "the prosecution refused at the time to follow the proper procedure for recalling the jury for the very purpose of questioning them about any effect the bailiff's presence had on

7

their deliberations."  We read the record differently.  The People suggested consulting the jurors.  It was defendant who asked the trial court to grant his motion even though the jurors had not been consulted.

We conclude it is appropriate to conditionally reverse and remand the matter so that the jury may be consulted.  (See, e.g., *Remmer v. United States, supra*, 347 U.S. at pp. 229-230 [remanding for proceedings to determine what happened with the jury and whether it could be deemed harmless]; *People v. Lavender* (2014) 60 Cal.4th 679, 691-694; *People v. Von Villas* (1992) 11 Cal.App.4th 175, 258-260.)

## DISPOSITION

The judgment is conditionally reversed and the matter is remanded to the trial court for further proceedings to determine whether the presumption of prejudice is rebutted.  If the presumption of prejudice is rebutted, the judgment shall be reinstated.


                                                    /S/
                                              MAURO, J.


We concur:


    /S/
HULL, Acting P. J.


    /S/
MURRAY, J.