J-S16024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO WRIGHT | : | |
| | : | |
| Appellant | : | No. 201 EDA 2022 |

Appeal from the PCRA Order Entered December 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0012202-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO WRIGHT | : | |
| | : | |
| Appellant | : | No. 403 EDA 2022 |

Appeal from the PCRA Order Entered December 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0012196-2009

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

JUDGMENT ORDER BY MURRAY, J.:                    **FILED MAY 12, 2023**

Antonio Wright (Appellant) appeals from the dismissal of the petitions he filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant's counsel, James Lloyd, Esquire (Attorney Lloyd), has filed an application seeking remand so that Appellant may raise claims of prior counsels'

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

ineffectiveness consistent with ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). Upon review, we grant the application, vacate the PCRA court's order, and remand for further proceedings.

On December 1, 2011, a jury convicted Appellant of two counts each of second-degree murder, conspiracy, and robbery; and one count of carrying a firearm in public in Philadelphia.[2] The trial court sentenced Appellant to two life sentences. On October 8, 2013, this Court vacated one of Appellant's conspiracy convictions, but otherwise affirmed. ***Commonwealth v. Wright***, 87 A.3d 877 (Pa. Super. 2013) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Wright***, 85 A.3d 484 (Pa. 2014).

Appellant *pro se* filed a first timely PCRA petition on December 17, 2014. The PCRA court appointed Stephen T. O'Hanlon, Esquire (Attorney O'Hanlon) to represent Appellant. Attorney O'Hanlon filed an amended PCRA petition on September 24, 2018. On November 22, 2021, the PCRA court filed Pa.R.Crim.P. 907 notice of intent to dismiss the petition. On December 4, 2018, Jerome M. Brown, Esquire (Attorney Brown), entered his appearance for Appellant.[3] Attorney Brown also filed a response to the PCRA court's Rule

---

[2] 18 Pa.C.S.A. §§ 2502(b), 903, 3701(a)(1)(i), 6108.

[3] The record does not contain an application by Attorney O'Hanlon to withdraw or an order granting his withdrawal.

907 notice. On December 16, 2021, the PCRA court dismissed Appellant's petition, stating: "Attorney Permitted to Withdraw." Order, 12/16/21.

Attorney Brown timely appealed on Appellant's behalf. On March 29, 2022, this Court ordered the PCRA court to clarify the status of Appellant's representation. On April 1, 2022, this Court received a letter from Attorney Brown indicating that he continued to represent Appellant. On April 18, 2022, the PCRA court's law clerk informed this Court that Attorney Brown would continue to represent Appellant.

On May 12, 2022, this Court entered an order stating that the appeal would proceed with Attorney Brown representing Appellant. Also on May 12, 2022, Attorney Brown filed an application to withdraw from representation. On June 13, 2022, the PCRA court advised this Court that it had appointed Attorney Lloyd to represent Appellant. This Court granted Attorney Brown's application to withdraw and consolidated the appeals *sua sponte*.

On April 25, 2023, Attorney Lloyd filed the application seeking remand for Appellant to assert prior counsels' ineffectiveness. Application 4/25/23, ¶ 7. Attorney Lloyd stated his intention to present a layered claim of ineffectiveness based on Attorney O'Hanlon and Attorney Brown failing to raise trial counsel's ineffectiveness for

> failing to object to the trial court failing to conduct a constitutionally adequate hearing pursuant to ***Remmer v. United States***, 347 U.S. 227 (1[9]54), after a non-jury party to the case(s) *sub judice* had an illicit and prejudicial contact with a juror. The failure to raise such a claim constitutes ineffective assistance of counsel and entitles [Appellant] to relief under the PCRA.

*Id.*, ¶ 4.  Further:

> Because the factual record relating to this claim is not sufficiently developed in the record forwarded by the PCRA court, [Attorney Lloyd] was unable to advance this claim in [A]ppellant's brief filed in this Honorable Court.

*Id.*, ¶ 6.

The Pennsylvania Supreme Court held that a PCRA petitioner "may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley***, 261 A.3d at 401.  We conclude that ***Bradley*** is applicable because Appellant has presented his claim of PCRA counsel's ineffectiveness at the first opportunity following Attorney Brown's withdrawal. Thus, we vacate the PCRA court's order and remand so that Appellant may file an amended PCRA petition to include his layered ineffectiveness claim.

Application granted.  Order vacated.  Case remanded for further proceedings consistent with this Memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2023

- 4 -